UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Titus Henderson,
　　Plaintiff　　　　E.D.Wis. # _____

v.

Jason Aldana, Bruce Chapman,
Sgt. Madden, Capt. Weggin, Sgt. Oswald
Paul Kemper, Edward Walls
　　Defendants

CIVIL ACTION 42 U.S.C. § 1983
42 U.S.C. § 12131 - § 12132

## PARTIES

PLAINTIFF: Titus Henderson
　　GBCI, 2833 Riverside Dr.
　　Green Bay, WI 54307-9033

DEFENDANTS: Jason Aldana, Bruce Chapman,
　　Sgt. Madden, Sgt. Oswald, Capt. Weggin,
　　Paul Kemper, Edward Walls (Wiegand)
　　Racine Correction Institution
　　2019 Wisconsin St., P.O. Box 900
　　Sturtevant, WI 53177

"All Defendants Are Sued In Their Official + Personal Capacity."

## JURISDICTION/VENUE

United States District Court, Eastern District is the proper venue and jurisdiction of this action purs. 28 U.S.C. §1391 and §1332; because all claims occurred in Eastern District.

## EXHAUSTION OF ADMIN. REMEDIES

Plaintiff Henderson has exhausted all available administrative remedies purs. DOC 310.01-.18, 42 U.S.C.§12131-§12132
RCI-2015-9745/2015-11924/2015-11918,
RCI-2015-17269/2015-17270/2015-17836,

# STATEMENT OF CLAIM

## I.) EIGHTH AMEND. VIOLATIONS

### A.) Denial Of Recreation for Twelve (12) Months

1.) May 20, 2015, Plaintiff Henderson was transferred to Racine Corr. Inst. from Wis. Secure Prog. Facility, and indefinitely placed in Admin. Conf./Segregation.

2.) Plaintiff Henderson immediately wrote defendants Wall, Kemper, Aldana, Chapman to create "Policy" to allow inmates on Administrative Confinement indoor + outdoor recreation.

3.) Defendants Chapman, Aldana, Kemper, Wall stated that inmates as Plaintiff Henderson was on Back-of-Cell based on Conduct Report #2636838 to indefinitely deny recreation. French v. Owen, 777 F.2d 1250 (7th Cir 1985).

4.) C.R. #2636838 was written by COII Mary Taylor at Wis. Secure Prog. Facility (WSPF) stating that "Prisoner Henderson is a fucking nigger that should be killed, cause all staff hate this nigger."

5.) Defendants Aldana, Chapman, stated "the MEMO from WSPF cite C.R. #2636838 as reason deny recreation.

3

6.) Sept. 10, 2015, defendants Kemper, Aldana, Chapman, Wall approved defendant Oswald to write false report because Plaintiff Henderson tried to go to recreation outside.

7.) C.R. 2604995 by defendants Oswald, Aldana, Chapman was written explain that Plaintiff Henderson was to have Dayroom handcuffed from waist-to-ankle in four-point shackle restraint everytime Plaintiff Henderson exit the cell.

8.) May 20, 2015-to-April 19, 2016, Defendants Wall, Kemper, Aldana, Sgt. Madden, Capt. Wiegand/Weggin, Oslwald, and Chapman denied all inside/outside recreation to Plaintiff Henderson causing/contributing to blindness in right eye and dullness in left eye due to lack of light, etc..

9.) January 30, 2013-to-July 16, 2016, defendant Walls sent E-Mails to defendants Kemper, Aldana, and Chapman asking "Are we using Admin. Conf. against inmates for punishment + retribution"?

10.) Defendants Kemper, Aldana, and Chapman responded they use A/C to target litigators, etc. as Plaintiff Henderson as indefinite punishment.

4

# II.) ADMINISTRATIVE CONFINEMENT CONDITIONS

## B.) INCOMMUNICADO / Denial Of Free Speech / MAIL

11.) May 10-15, 2019, U.S. Marshal Service investigated and verified that defendants Wall, Kemper, Aldana, Wiegand, Chapman did create practice/custom to establish a policy to deny Plaintiff Henderson right to use a telephone and write letters going outside to family, friends, etc. to destroy social connections while in administrative confinement.

12.) May 20, 2015 -to- April 16, 2016, defendants Wall, Kemper, Aldana, Wiegand, Chapman, Madden, Oswald intentionally blocked and denied Plaintiff Henderson right to use telephone to communicate with family, friends, etc. to destroy social communication.

13.) Plaintiff Henderson (as a Class Of One: Equal Protection) was allowed one (1) phone call a week to family and friends on Admin. Conf., but denied by policy.

14.) May 20, 2015 -to- April 16, 2016, Plaintiff Henderson was denied all 45 phone calls; compared to inmates Robles, Brown, similarly situated in same segregation unit who did make their weekly phone calls. Tucker v. Randall, 948 F.2d 388 (7th Cir. 1991)

5

15.) As a Class Of One, Plaintiff Henderson was denied right to telephone communication and denied all outgoing letters to family, friends, and Attorneys by defendants Wall, Kemper, Aldana, Oswald, Wiegand, Chapman, and Madden in violation of DOC 309, 39-to-, 42, to treat Plaintiff Henderson differently from other inmates in Same Status. Olech v. Village Of Willowbrook, 528 U.S. 562, 120 S.Ct. 1073 (2000), May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000)

C.) Denial/Censorship Of Outgoing Mail

16.) As a Class Of One, Plaintiff Hendersong was denied right to contact/communicate with family, friends, Attorney, etc. by defendants Wall, Kemper, Aldana, Chapman, Madden, Oswald, Wiegand when they destroyed, rejected, and censored outgoing mail, to treat Plaintiff Henderson different from Similarly Situated inmates in Segregation Unit, Engquist v. Oregon Dept. Agr., 553 U.S. 591, 601-602, 128 S.Ct. 2146 (2008)(Similarly Situated persons), David v. Love, 839 F.2d 1263 (7th Cir. 1988)

17.) May 10-15, 2019, U.S. Marshal Service investigation consist of evidence that Defendants Aldana, Wall, Kemper, Chapman Stole & destroy Henderson mail.

18.) Dec. 30, 2015, Plaintiff Henderson filed Criminal John Doe Complaint in Racine Co. that defendants Aldana, Chapman, Madden steal outgoing mail. See Exh. #1.

19.) May 28, 2015-to-April 22, 2016, defendants Wall, Kemper, Chapman, Madden, Wiegand, Oswald stole 24 letters and destroyed outgoing letters to Belinda Buckner, Earline Henderson, Stephanie May, and Sylvia Reeves.

20.) June 2, 2015-to-April 22, 2016, defendants Chapman, Wall, Kemper, Madden, Oswald, Wiegand denied/confiscated all Plaintiff Henderson's outgoing legal mail to Atty. Alice Lynd, Vanessa and Wanda Taylor, and Lori Batino to stop delivery of 70 letters.

21.) June 2, 2015-to-April 22, 2016, defendants Wall, Kemper, Aldana, Chapman, Madden, Oswald, Wiegand confiscated and destroyed 30 letters and 100 stamps sent to photo companies Senza Collection, PhotoTryst, Phatazz. com, Black ICE Videos, and SS to purchase photos sent by Plaintiff Henderson purs. DOC 309 IMP.

22.) June 1, 2015-to-April 22, 2016, defendants Kemper, Walls, Aldana, Madden, Wiegand, Oswald, Chapman rejected and confiscated all 28 letters Plaintiff Henderson sent to Atty. Ashley Kwasny, Atty. Dennis C. Mahoney,

7

22. cont'd) Rashad Ali, Jesse + Wilma McGee, Larry Henderson to prevent outgoing mail.

23.) June 18 + 19, 2015, defendant Madden told Plaintiff Henderson "Capt. Chapman told us to send your mail to him." Exh. #2.

24.) Defendants Wall, Kemper, Aldana, Chapman, Oswald, Madden, Wiegand discriminatory acts of stealing, destroying, and confiscating Plaintiff Henderson outgoing mail, was done to destroy communication and support from family and friends, etc. while in segregation.

25.) Nov. 1-20, 2015, defendant Chapman stated, "We copy your outgoing mail to put it in our file."
Jolivet v. Deland, 966 F.2d 573, 577 (10th Cir. 1992) (illegal to copy outgoing mail)

26.) "AS APPLIED"/"ON ITS FACE" DOC 309.45.01 Strictly prohibit all inmates access to internet Pen Pal Services to form friendship, social connections, association with outside world.

27.) May 20, 2015 - to - April 22, 2016, defendants Kemper, Wall, Aldana, Wiegand, Madden, Chapman, Oswald denied Plaintiff Henderson right to receive free internet Pen Pal speech as prior-restraint.

## D.) Denial Of Due Process HEARING In Administrative Confinement.

28.) "ON ITS FACE" W/s, DOC 308 and DAI 308 IMP 1-thru-17 is to broad and vague to place Plaintiff Henderson on "Notice" that his past conduct and future prediction of security concerns will resolute in long-term indefinite confinement Solitary confinement resulting in torture, abuse, psychological and physical injury.

29.) DOC Admin. Cathy Jess Sent "MEMO" to defendants Kemper, Wall, Aldana on Sept. 25, 2014 stating "Long-Term Segregation placement have been shown to be ineffective in terms of discipline and do not serve our corrective nor rehabilitative goals".

30.) June 1-30, 2014, defendant Walls sent MEMO/E-mail to defendants Kemper, Aldana, Chapman, Wiegand to address torture of Plaintiff Henderson by long-term indefinite Segregation stating "Prison guards are using Solitary Segregation because they are mad at inmates as revenge. The question that keep me up at night, How do we justify long-term segregation when evidence tell us it cause physical/psychological injury to inmates."

9

31.) April 1-30, 2014, defendant Wall sent E-mail/MEMO to defendants Kemper, Aldana, Chapman stating "Are we placing inmates in Segregation out of a sense of revenge & retribution. How do this help our goal of corrections."

32.) June 23, 2015, defendants Kemper, Aldana, Chapman, Wiegand held meeting with Plaintiff Henderson stating "We putting you on long-term solitary confinement AC July 13, 2015 without Hearing".

33.) Plaintiff Henderson asked Defendants Kemper, Aldana, Chapman, Wiegand, Wall, "You all placing me in long-term AC Segregation with knowledge you violating my rights by not giving me a Hearing?"

34.) Defendants Aldana, Chapman said "WSPF want you in long-term AC Segregation, so we automatically putting you in AC segregation based on C.R. 2636838 from WSPF".

35.) Plaintiff Henderson has been on indefinite long-term AC Segregation since Jan. 1, 2003 - to - June 19, 2016 to present.

36.) July 12, 2015, defendants Kemper, Aldana, Wiegand, Chapman said "Henderson, you on long-term AC right now without a hearing".

10

37.) July 8, 2015 at 10:15 am defendant Chapman stated, "Madden gave us your outgoing mail to review + copy. We putting you on AC Saturday."

38.) DOC 308/308 IMP 1-thru-17 mandate defendants Wall, Kemper, Aldana, Wiegand, Chapman give Plaintiff Henderson a Hearing before being indefinitely placed in long-term solitary AC Segregation as a liberty interest." See Wilkinson v. Austin, 545 U.S. 209, 125 S.Ct. 2384 (2005), Isby v. Brown, 856 F.3d 508, 525 (7th Cir. 2017)

39.) May 20, 2015, defendants Wall, Kemper, Aldana, Chapman, Wiegand placed Plaintiff Henderson in a filthy cell call the "Crank Tank" created for mentally ill inmates that spread feces, throw urine/food, and scream all night due to mental illnesses in Admin. Conf..

40.) Plaintiff Henderson has been diagnosed with mental illness Dissociative Amnesia (DSM-IV 300.12), Paranoid Personality Disorder; Post-Traumatic Stress Disorder (DSM-IV 390.81)

41.) Jan. 21, 2013 -to- July 3, 2016, defendants Kemper, Wall, Aldana, Chapman, Wiegand attempted in MEMO and E-mails that Plaintiff Henderson Due Process rights are violated because the criteria for long-term AC segregation is vague, overbroad,

11

41. cont'd) and are applied arbitrarily and capriciously to cause physical/psychological injury with "NO" correction/penal interest.

42.) July 15, 23, 2015, defendants Wall, Kemper, Aldana, Chapman, Wiegand admitted they violated Plaintiff Henderson Due Process rights by
A.) Denying Notice of Time, Place of Hearing to present defense against long-term AC segreg..
B.) Denied Hearing to make oral/written statement.
C.) Denied right to appeal Indefinite long-term AC/Segregation after twelve (12) years.
D.) There is no appeal when no Hearing is held.

43.) The atypical and significant hardship Plaintiff Henderson experience in long-term indefinite AC segregation applied arbitrarily and capriciously based on false Conduct Reports 2636838, resulted in lost of vision in right eye, and exacerbate mental illness as torture.

44.) Defendants Wall, Chapman, Kemper, Aldana, Wiegand deny Plaintiff Henderson liberty interest by imposing atypical and significant hardship that's not ordinary incidence of prison life by arbitrary, capricious conditions of segregation, indefinite Segregation with no future release, and automatic denial of parole release to society.

# III.) EQUAL PROTECTION

A.) Discrimination Based On Sex/Gender/Race IN Admin. Conf. Segregation.

45.) "AS APPLIED" DOC 308/308 IMP1/OAI 308 are used by defendants Wall, Kemper, Wiegand, Aldana, Chapman, Madden to discriminate by placing non-transgender inmates in long-term AC segregation indefinite, and refusing to place transgender/homosexual inmates with a history of violence and security threats in long-term AC segregation indefinitely, violating 42 U.S.C. §12131-§12132 of similarly situated inmates in AC segregation.

46.) Plaintiff Henderson is a straight non-transgender + non-homosexual Black male in segregation.

47.) Inmate Robles and Inmate Anderson 415813 are homosexuals/transgender inmates with a violent history of sexual assault to other inmates and staff, and pose serious security threat.

48.) May 20, 2015-to-present, defendants Wall, Kemper, Aldana, Chapman, Wiegand intentionally sexually discriminated and created policy/practice to deny homosexuals/transgenders as inmate Robles, etc. placement in AC segregation.

49.) May 20, 2015-to-present, defendants Wall, Kemper, Aldana, Wiegand, Chapman used Plaintiff Henderson sexuality as a non-transgender, straight, heterosexual Black man to be placed on long-term AC segregation indefinitely.

50.) Although Plaintiff Henderson is a heterosexual Black male; Inmate Robles, et al. are tranger/homosexual Latino males with violent sexual history; defendants Kemper, Aldana, Wiegand, Chapman admitted "No transger/homosexual inmates will be placed on AC segregation regardless of their violent history."

51.) Defendants Wall, Kemper, Wis. DOC receive federal funding, which American W/Disability Act Amend. 42 U.S.C. §12131-§12132 strictly prohibit discrimination based on sex, gender, and race. see Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004) Veney v. Wyche, 293 F.3d 726 (4th Cir. 2002)

52) May 20, 2015-to-present, defendants Wall, Aldana, Kemper, Chapman, Wiegand created practice and custom to target Black and Latino inmates for long-term AC segregation indefinitely that has been labeled security threats and targeted by guards for punishment, not applied to white inmates.

14

53.) "White Inmates" at Racine Corr. Inst. labeled violent and pose security threat by defendants Wall, Aldana, Kemper, Chapman, Wiegand, are not placed on long-term AC Segregation indefinitely, and white inmates continue to commit violence.

54.) Plaintiff Henderson and "White" inmates at RCI are similarly situated in the same custody level, that defendants Wall, Kemper, Aldana, Wiegand, nor Chapman can't justify race discrimination why "No" white inmates labeled "violent inmate" were not placed in long-term AC segregation as Plaintiff Henderson for twelve (12) years.

55.) Jan. 1, 2013-to-present, defendants Wall, Kemper, Aldana, Chapman, Weigand continue to use racial discrimination to target Black inmates Plaintiff Henderson for indefinite AC Segregation; while excluding violent White, Transgender, homosexual inmates from indefinite AC Segregation.

# CAUSE OF ACTION

57.) Whether the acts of Defendants Aldana, Kemper, Wall, Oswald, Wiegand, Madden, Chapman, violated Plaintiff Henderson rights by illegally photocopy and censoring all outgoing mail to family and friends to destroy free association and free speech in solitary confinement, was done with deliberate indifference to cause psychological injury; constituted a violation of First Amend. U.S. Const; acting under color of State law.

58.) Whether the acts of defendants Aldana, Kemper, Wall, Chapman, Wiegand, Oswald, Madden, violated Plaintiff Henderson right by denying phone calls, free Pen Pal documents, denial of all internet material to prohibit/prevent distribution of free speech, was done with deliberate indifference by policy; constituted violation of First Amend. U.S. Const., acting under color of State law.

59.) Whether the acts of defendants Aldana, Wall's, Kemper, Chapman, Wiegand, Madden, Oswald, acting under color of State law, violated Plaintiff Henderson rights by intentional torture and exacerbate mental illness by indefinite solitary confinement creating atypical and significant hardship to cause physical and psychological injury; was done with deliberate indifference, and

16

59) constituted violation under Eighth (8th) Amend. U.S. Const., Cruel & Unusual Punishment.

60) Whether the intentional acts of Defendants Aldana, Kemper, Chapman, Wiegand, Oswald, Madden, Wall, acting under color of state law, violated Plaintiff Henderson right by denying all opportunity of outside and inside recreation contributing to muscle atrophy, was done with deliberate indifference; constituted violation of Eighth Amend. U.S. Const., Cruel & Unusual Punishment.

61) Whether the acts of defendants Aldana, Kemper, Chapman, Wall, Wiegand, Oswald, Madden, acting under color of state law, violated Plaintiff Henderson rights by imposing indefinite solitary confinement purs. DOC 308 without a Hearing that deny Plaintiff Henderson right to Notice of Charge, Documents used to justify Admin. Conf., Deny Reason for Indefinent Solitary Confinement, Deny Appeal; pose an atypical and significant hardship not in the ordinary instance of prison life, created a liberty interest purs. Wilkinson v. Austin (U.S.), was done with deliberate indifference, constituting violation of Fourteenth (14th) Amend. U.S. Const., Procedural and Substantive Due Process, and Rehabilitation Act 29 U.S.C. §791-§794.

17

62.) Whether the acts of defendants Aldana, Wall, Chapman, Wiegand, Kemper, Oswald, Madden, acting under color of state law, violated Plaintiff Henderson right by implementing Sexual/Gender Discrimination policy and Racial Discrimination to target minority inmates for indefinent confinement by conditions of confinement in DOC 308, not applied to White inmates nor homosexual inmates with a violent history; was done with deliberate indifference to discriminate against Black inmates, constituted violation of Fourteenth Amend. U.S. Const, Equal Protection Clause, and 42 U.S.C. §12132, 29 U.S.C. §791-§794.

## RELIEF REQUESTED

Pro-se Plaintiff Titus Henderson request the Court to GRANT the following relief:

I.) Issue Declaratory Judgment that the acts of Defendants Wall, Chapman, Aldana, Wiegand, Kemper, Oswald, Madden of censorship of speech, torture, discrimination, etc against Plaintiff Henderson, violated First, Eighth, Fourteenth Amend. U.S. Const, 29 U.S.C. §791-§794, 42 U.S.C. §12132,

18

II.) Issue Compensatory Damages jointly against defendants Wall, Kemper, Aldana, Chapman, Wiegand, Oswald, Madden, for violations of 1st, 8th, 14th Amend. U.S. Const., 29 U.S.C. §794, 42 U.S.C. §12132.

III.) Issue Punitive Damages jointly/severally against defendants Wall, Kemper, Chapman, Aldana, Wiegand, Oswald, Madden for violation of 1st, 8th, 14th Amend. U.S. Const..

IV.) Plaintiff request appointment of Attorney.

V.) Plaintiff request fees, costs, etc..

VI.) Plaintiff request Court Order directing Defendants to preserve all relevant files, e-mails, etc..

VII.) Plaintiff request Bench Trial.

Date: March 21, 2020

Submitted By:

Titus Henderson
GBCI-RHU
P.O. Box 19033
Green Bay, WI
54307