# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

Titus Henderson
   Plaintiff

E.D. Wis. 20-cv-555

v.

Jason Aldana, Bruce Chapman,
Sgt. Madden, et al.,
   Defendants

## AMENDED CIVIL ACTION
## 42 U.S.C. §1983, 42 U.S.C. §12131, etc.

## PARTIES

PLAINTIFF: Titus Henderson
   GBCI, 2833 Riverside Dr.
   Green Bay, WI 54307

DEFENDANTS: Jason Aldana, Bruce Chapman,
   Paul Kemper, Sgt. Oswald, Capt. Weigand,
   Mary Taylor, Sgt. Madden

Racine Corr. Inst.
2019 Wisconsin St.
Sturtevant, WI 53177

1

All Defendants Are Sued In Their Official and Individual Capacity.

## JURISDICTION/VENUE

United States District Court, Eastern District Wisconsin is the proper venue and jurisdiction of this action purs. 28 U.S.C. §1331 and §1332; because all transactions and events occurred in the Eastern District.

## Exhaustion Of Admin. Remedies

Plaintiff Henderson has exhausted all available admin. remedies purs. DOC 310.09-18; 42 U.S.C. §1231:
RCI-2015-9745/2015-11924/2015-11918
RCI-2015-17269/2015-17270/2015-17836

## STATEMENT OF CLAIMS

I.) CONDITIONS OF CONFINEMENT VIOLATE EIGHTH AMEND.

1.) Paul Kemper, Jason Aldana, Bruce Chapman, Capt. Wiegand/Weggens, Oswald, Sgt. Madden, and Taylor held Admin. Conf. meeting and sent E-mails to each other from March

2

15, 2015 - May 20, 2015 to use false conduct reports and Behavior Logs to justify censorship and denial of mail, denial of recreation, and indefinite solitary confinement of Titus Henderson using sexual gender discrimination, violating First, Eighth, Fourteenth Amend..

A) Denial of Recreation Indefinitely.

1.) May 20, 2015, Plaintiff Henderson was transferred to Racine Corr. Inst..

2.) May 20-23, 2015, Plaintiff Henderson wrote defendants Kemper, Aldono, Chapman create Policy directing defendants Modden, Oswald, provide seven (7) hours of recreation a week, for Admin. Conf..

3.) March 15 - May 20, 2015, defendants Kemper, Aldono, Chapman, Weigand/Wasin held secret meeting with defendants Taylor, Modden, Oswald to write false C.R. 2636838 against Plaintiff Henderson to justify denying recreation for three hundred ninety-seven (397) days without due process hearing.

4.) Plaintiff Henderson was not given notice of charges, etc. to justify denial of recreation.

3

5.) Defendants Kamper, Aldana, Madden, Oswald, and Chapman agreed with defendant Taylor's statement in C.R. 2636838 that "Prisoner Henderson is a fucking nigger that should be killed, cause all staff hate this nigger".

6.) Approx. May 23, 2015, defendants Kamper, Aldana, Chapman, Weigand held meeting with Plaintiff Henderson stating "MEMO" from WSPF cite C.R. 2636838 is the reason you will not get recreation as you remain in RCI.

7.) Approx. Sept. 10, 2015, defendants Kamper, Chapman, Aldano, Weigand, directed defendants Oswald, Madden to write false C.R. 2604995 against Plaintiff Henderson to enforce custom, Policy, and practice to deny recreation.

8.) At Disciplinary Hearing, defendants Chapman, Aldana, Weigand, found Plaintiff Henderson guilty of disobeying orders/Policy for attempt to participate in recreation for health.

9.) Plaintiff Henderson filed Appeal to defendant Kamper challenging punishment of indefinite denial of recreation as RCI Policy.

10.) Approx. Oct. 10, 2015, defendant Kamper approved punishment to enforce Policy denying recreation.

4

11.) Jan. 30, 2013 - to - July 16, 2016, Wis. DOC Sec. Walls Sent E-mails to defendants Kemper/Aldana, Chapman, Weigand asking "Are we using Admin. Conf. against inmates for punishment and retribution?"

12.) March 15, 2015 - thru - April 19, 2016, defendants Kemper, Aldana, Weigand, Chapman, Oswald, Madden, Taylor, Sent E-mails and held meetings with Plaintiff Henderson to enforce RCI Policy, custom, and practice to deny all forms of recreation based on false, racial conduct reports 2604995 + 2636038 to cause physical harm.

13.) March 15, 2015 - thru - April 19, 2016, Plaintiff Henderson was diagnosed with blindness in right eye, dullness in left eye due to lack of light, and muscle atrophy disfiguring left + right knee based on denial of recreation as a Prison Policy with injury to right shoulder.

## II.) DENIAL DUE PROCESS FOR INDEFINITE ADMINISTRATIVE CONFINEMENT.

14.) "ON ITS FACE", Wis. DOC 308 and DAI 308 IMP 1-thru-17 are broad and vague "Policy" to give Plaintiff Henderson "NOTICE" of what need to be done/completed to transition out of indefinite Admin. Conf. to general population to prevent security concerns.

15.) "AS APPLIED", defendants Kemper, Aldana, Weigand, Chapman, Taylor, Madden, Oswald used indefinite Solitary Confinement pur DOC 308 to abuse, torture, psychological and physically injure Plaintiff Henderson.

16.) Sept. 25, 2014, DOC Admin. Cathy Jess sent "MEMO" to defendants Kemper, Aldana, Chapman, Weigand stating "Long-term Segregation placement have been shown to be ineffective in terms of discipline, and do not serve our corrective nor rehabilitative goals".

17.) June 1-30, 2014 - June 1, 2016, DOC Sec. Walls sent E-mail/MEMO to defendants Aldana, Kemper, Chapman, Weigand to address torture of Plaintiff Henderson long-term indefinite

17. cont'd) Admin. Conf. stating: "Prison guards are using solitary segregation because they are mad at inmates as revenge. The question that keep me up at night, how do we justify long-term segregation when evidence tell us it cause physical/psychological injury to inmates".

18.) April 1-30, 2014 - Aug. 1, 2015, Doc Sec. Walls sent defendants Kemper, Aldana, Chapman, Weigand E-mail stating "Are we placing inmates in Admin. Conf. based on revenge? How do this help our goals of corrections."

19.) June 23, 2015, defendants Kemper, Chapman, Aldana, Weigand, Madden, Oswald, Taylor, held meeting with Plaintiff Henderson stating "We putting you on long-term AC/solitary conf. July 13, 2015 without hearing."

20.) Plaintiff Henderson asked defendants Aldana, Kemper, Weigand, Chapman "You all placing me in long-term AC segregation with knowledge you all violating my rights by not giving hearing?"

21.) Defendants Kemper, Aldana, Chapman, Oswald, Madden, Taylor, Weigand agreed as Committee, "WSPF want you on long-term AC sol. conf., so we automatically using C.R. 2636838

21. cont'd) to put you on Admin. Conf. indefinitely.

22.) July 12, 2015, defendants Kemper, Chapman, Aldana, Weigand stated "Henderson, you on long-term AC without a hearing."

23.) DOC 308/DAI 308/IMP 308 mandate defendants Kemper, Aldana, Weigand, Chapman provide Plaintiff Henderson Due Process Hearing before being indefinitely placed in long-term Admin. Conf./Segregation as a liberty interest. Wilkinson v. Austin, 545 U.S. 209 (2005); Isby v. Brown, 856 F.3d 508 (7th Cir. 2017)

24.) May 20, 2015 - April 19, 2016, defendants Kemper, Aldana, Chapman, Taylor, Weigand, Madden, Oswald locked Plaintiff Henderson in a filthy cell called "Crank Tank" created for mentally ill inmates that spread feces, throw urine, and scream all night due to mental illness.

25.) July 15, 2015, defendants Kemper, Aldana, Weigand, Chapman, Madden, Taylor, Oswald admitted they violated Plaintiff Henderson's Due Process rights by:
A.) Denying Notice of Time/Place/Date of AC Hearing to present defense against long-term AC.
B.) Denied hearing to make oral/written statement.

8

C.) Denied right to appeal long-term AC after twelve (12) years.

D.) There is no appeal when no Hearing was held.

26.) March 15, 2015 - thru - April 20, 2016, defendants Kemper, Aldana, Weigand, Chapman, Madden, Taylor, Oswald subjected Plaintiff Henderson to atypical and significant hardship imposing long-term Admin. Conf. without due process, no path nor method to transition out of AC to general population, arbitrarily and capriciously not in ordinary incidence of prison life, resulting in denial of parole and psychological treatment.

A.) All claims relate back to original Claims (Dkt. 1) being incorporated in this Amended Complaint, as they relate to same transactions/series of events by same defendants.

9

## III.) DISCRIMINATION BASED ON GENDER/RACE/SEX IN ADMIN. CONF./Segregation.

27.) "AS APPLIED": defendants Kemper, Chapman, Weigand, Aldana, Madden, Oswald, Taylor use DOC 308/DAI 308/308 IMP 1-17 to sexually discriminate by refusing to impose long-term Admin. Conf. for transgender/homosexual inmates posing obvious security threats and history of violence; arbitrarily and capriciously impose long-term Admin. Conf./Solitary Conf. on straight non-homosexual inmates that are similarly situated in Racine Corr. Inst. segregation from March, 2015 - May, 2016, violating 42 U.S.C. §12131-§12132 Amer. with Dis. Act (ADAA).

28.) Plaintiff Henderson is a heterosexual straight Black Man placed in long-term Admin. Conf. March 15, 2015 - April 19, 2016 based on known racial false C.R. 2636838, C.R. 2604995 by defendants Kemper, Aldana, Taylor, Chapman, Oswald, Madden, Weigand with a hearing.

29.) Inmates Robles and Inmate Anderson #415813 are known transgenders/homosexuals that pose serious threats to prison guards and inmates, with violent

29 contd.) history of rape/sexual assault of other inmates.

30.) Defendants Kemper, Aldana, Weigand, Madden, Oswald, Taylor, Chapman receive federal funding, which Amer. w/ Disability Act 42 U.S.C. § 12131-§12132 strictly prohibit discrimination based on sex, gender, race. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004); Veney v. Wyche, 293 F.3d 726 (4th Cir. 2002).

31.) May 1, 2015-present, defendants Kemper, Aldana, Weigand, Chapman, Oswald, Taylor, Madden intentionally created custom, practice, and policy to sexually discriminate between heterosexual inmates as Plaintiff Henderson and similarly situated homosexual/transgender inmates as Robles, et al, to impose long-term Admin. Conf. purs. DOC 308/DAI 300.

32.) May 1, 2015-present, defendants Kemper, Weigand, Aldana, Chapman, Taylor, Madden, Oswald held Admin. Conf. meeting not to impose long-term Admin. Conf. against inmates Robles and Anderson who was discipline for rape/sexual assault of another inmate at Racine Corr. Inst. based of factor they are homosexuals.

33.) March 1, 2015-present at Racine Corr. Inst., Plaintiff Henderson never violated rules at RCI to impose Admin. Conf., but defendants Kemper, Aldana, Weigand, Chapman, Madden, Oswald, Taylor, used Plaintiff Henderson's sexuality as heterosexual Black man to justify imposing long-term Admin. Conf. Set forth in par. 3-19.

34.) Defendants Kemper, Aldana, Weigand, Oswald, Chapman, Taylor, Madden admitted they have a "Policy, custom, practice" No transgender nor homosexual inmates will be placed on Admin. Conf./Solitary Conf. regardless of their violent history."

35.) March 1, 2015-present, defendants Kemper, Aldana, Weigand, Chapman, Madden, Oswald, Taylor continue to enforce sexual/gender discriminatory policy, practice, custom to not place similarly situated homosexuals/ transgenders on long-term Admin. Conf. purs. DAI 308/DOC 308, allowing inmates Robles, et al. to rape/sexual assault other prisoners similarly situated in maximum-medium custody at RCI.

12

# CAUSE OF ACTION

A.) Whether the intentional acts of defendants Kemper, Aldana, Weigand, Chapman, Madden, Taylor, Oswald acting under color of State law, violated Plaintiff Henderson's rights by intentionally using false conduct reports and created Policy, Custom, and practice to deny all access to recreation for 397 days resulting in muscle atrophy, blindness in eyes due to lack of sunlight; was and continue to be done with deliberate indifference to cause physical + psychological injury, Constitute violation of Eighth Amend, U.S. Const..

B.) Whether actions of defendants Kemper, Aldana, Weigand, Chapman, Taylor, Oswald, Madden acting under color of State law, violated Plaintiff Henderson's right to be free of cruel + unusual punishment by use of indefinite Solitary Conf./Admin. Conf. to torture, abuse, cause psychological injury as revenge + retribution; was + continue to be done with deliberate indifference, constitute violation of Eighth Amend. U.S. Const. Cruel + Unusual Punishment,

13

C.) Whether intentional acts by defendants Kemper, Aldana, Weigand, Chapman, Madden, Taylor, Oswald acting under color of state law, violated Plaintiff Henderson's rights by arbitrarily & capriciously imposing indefinite Solitary confinement/Admin. Conf. purs. DAC 306, DAI 308 broad & vague Policy denying right to Notice of Charges, document evidence to justify Admin. Conf., deny reason for AC Decision, Denying right to Appeal, deny path/method to transition to General Population; pose an atypical & significant hardship not in ordinary incident of prison life, created a liberty interest due to false conduct reports; was & continue to be done with deliberate indifference affecting parole, etc.; constitute violation of Fourteenth (14th) Amend. U.S. Const. Procedural & Substantive Due Process, 29 U.S.C. §791-§794 Reh. Act.

D.) Whether intentional acts of defendants Kemper, Aldana, Weigand, Chapman, Taylor, Madden, Oswald acting under color of state law, violated Plaintiff Henderson's rights by creating & implementing Racial, Sexual/Gender Discriminatory Policy, custom, & practice to target Black heterosexual inmates for

14

D contd.) indefinite solitary Admin. Conf. using DAI 308/308 IMP L-17, not applied to known transgender/homosexuals as inmates Robles, et al. who has a history of violence/sexual assaults/rape on other inmates similarly situated in maximum-medium custody, now applied to similarly situated "white" inmates with a violent history; was + continue to be done with deliberate indifference to cause harm by racial + sexual discriminations against heterosexual Black males; constitute violation of Fourteenth (14th) Amend, U.S. Const., 42 U.S.C. §12132; 29 U.S.C. §791-794.

## RELIEF REQUESTED

Pro-se Plaintiff Titus Henderson request the Court to Grant following relief:

I.) Issue Declaratory Judgment that the acts of Defendants Kemper, Aldana, Weigand, Oswald, Madden, Taylor, Chapman torture, abuse, discrimination against Plaintiff Henderson, violated Eighth, Fourteenth Amend. U.S. Const., 29 U.S.C. §794; 42 U.S.C. §12132.

15

II.) Issue Compensatory Damages severally + jointly against defendants Kemper, Aldana, Weigand, Chapman, Madden, Taylor, Oswald $700,000 for violating 8th, 14th Amend. U.S. Const..

III.) Issue Punitive Damages severally + jointly against Defendants Kemper, Aldana, Weigand, Oswald, Taylor, Madden, Chapman $700,000 for violation 8th + 14th Amend..

IV.) Plaintiff request Appointment of Attorney.

V.) Plaintiff request fees, cost, etc..

VI.) Plaintiff request Court Order directing Defendants to transfer Plaintiff to Racine Corr. Inst. to access witness + document evidence.

VII.) Plaintiff request Bench Trial.

Date: March 15, 2022

Titus Henderson
GBCI-RHU
P.O. Box 19033
Green Bay, WI
54307