# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TITUS HENDERSON,

      Plaintiff,

v.

JASON ALDANA, BRUCE CHAPMAN, SGT. MADDEN, SGT. OSWALD, CAPTAIN WEIGAND, PAUL KEMPER and MARY TAYLOR,

      Defendants.

Case No. 20-CV-555-JPS

**ORDER**

  Plaintiff Titus Henderson, an inmate confined at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. On August 10, 2021, the Court granted Plaintiff's motion to proceed without prepayment of the filing fee, screened the complaint, and ordered Plaintiff to file an amended complaint. ECF No. 9. On March 21, 2022, Plaintiff filed an amended complaint. ECF No. 12. This Order screens Plaintiff's amended complaint.

1. **SCREENING THE COMPLAINT**

  1.1 **Federal Screening Standard**

  Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff names the following individuals as defendants: Jason Aldana ("Aldana"), Bruce Chapman ("Chapman"), Paul Kemper ("Kemper"), Sgt. Oswald ("Oswald"), Captain Weigand ("Weigand"),

Mary Taylor ("Taylor"), and Sgt. Madden ("Madden"). ECF No. 12 at 2. His claims revolve around the indefinite denial of recreation while at Racine Correctional Institution ("RCI"). *Id.* at 3.

Plaintiff arrived at RCI on May 20, 2015. *Id.* Plaintiff alleges that from about March 15, 2015, until May 20, 2015, Kemper, Aldana, Chapman, and Weigand held secret meetings with Taylor, Madden, and Oswald to write false reports against Plaintiff to justify denying Plaintiff recreation for 397 days without due process or notice. *Id.* Kemper, Aldana, Madden, Oswald, and Chapman all agreed with Taylor's statement that "Prisoner Henderson is a [expletive N-word] that should be killed, cause all staff hate this [N-word]. *Id.* at 4.

On May 23, 2015, Kemper, Aldana, Chapman, and Weigand held a meeting with Plaintiff and stated that a memo from WSPF is the reason he would not get any recreation at RCI. On September 15, 2015, Kemper, Chapman, Aldana, and Weigand directed Oswald and Madden to write a false report against Plaintiff to enforce the policy to deny him recreation. *Id.* Chapman, Aldana, and Weigand found Plaintiff guilty of disobeying orders/policy for attempting to participate in recreation. *Id.* On October 10, 2015, Kemper approved punishment to deny Plaintiff recreation. *Id.*

On March 15, 2015, through April 19, 2016, Kemper, Aldana, Weigand, Chapman, Oswald, Madden, and Taylor, sent emails and held meetings with Plaintiff to enforce the RCI policy to deny him all forms of recreation based on false and racist conduct reports. *Id.* at 5. Plaintiff was diagnosed with blindness and dullness in his eyes due to a lack of light, and muscle atrophy as a result of his lack of recreation. *Id.* Plaintiff alleges these individuals used indefinite solitary confinement to abuse and torture Plaintiff both physically and psychologically. *Id.*

Plaintiff further alleges that these defendants discriminated against him on the basis of gender, sex, and race. *Id.* at 10. Defendants refused to impose long-term administrative confinement for transgender/homosexual inmates. *Id.* Plaintiff is a heterosexual, straight, black man placed in administrative segregation based on a false and racist report without a hearing. *Id.* Plaintiff alleges that RCI had a policy prohibiting transgender or homosexual inmates from being placed on administrative segregation, regardless of their violent history. *Id.* at 12.

### 1.3 Analysis

First, Plaintiff may proceed on an Eighth Amendment claim related to his conditions of confinement against Aldana, Chapman, Kemper, Oswald, Weigand, Taylor, and Madden. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items."

*Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013).

The Seventh Circuit has made clear that preventing inmates from exercising for prolonged periods may violate the Eighth Amendment. *James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) (citing *Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013)). Here, Plaintiff alleges that Defendants denied him recreation, indefinitely, for a period of at least several months. Going forward, Plaintiff will need to explain with more particularity as to what role each defendant played in this deprivation. However, at the pleading stage, the Court finds these allegations sufficient to proceed.

Second, the Plaintiff may proceed on a Fourteenth Amendment claim for a deprivation of liberty without due process against Aldana, Chapman, Kemper, Oswald, Weigand, Taylor, and Madden. In order to state a due process claim, a plaintiff must have a protected liberty interest in remaining in the general population of the prison. "The Constitution itself does not create an interest in avoiding transfer within a correctional facility." *Townsend v. Fuchs,* 522 F.3d 765, 771 (7th Cir. 2008) (citing *Wilkinson v. Austin,* 545 U.S. 209, 222 (2005) and *Meachum v. Fano,* 427 U.S. 215, 225 (1976)). However, the Supreme Court has established that disciplinary segregation can trigger due process protections depending on the duration and conditions of segregation. *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697 (7th Cir. 2009) (240 days of segregation was sufficiently long to implicate a cognizable liberty interest if the conditions of confinement during that period were sufficiently severe). In contrast, "[i]n some cases, [the Seventh Circuit] has described an inmate's liberty interest in avoiding segregation as very limited or even nonexistent." *Id.* Here, Plaintiff alleges

he was placed in administrative segregation for many months without a hearing or any process. At the pleading stage, Plaintiff has sufficiently stated a Fourteenth Amendment due process claim.

Finally, Plaintiff may proceed on an Equal Protection claim against Aldana, Chapman, Kemper, Oswald, Weigand, Taylor, and Madden. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race ... ethnicity, sex, religion, or other proscribed factor..." *Id.* at 719–20 (citing *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016)). Here, Plaintiff alleges that he was treated differently from other prisoners because he is a black heterosexual male. As such, Plaintiff may proceed on a Fourteenth Amendment Equal Protection claim.

## 2. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment conditions of confinement claim against Aldana, Chapman, Kemper, Oswald, Weigand, Taylor, and Madden;

**Claim Two:** Fourteenth Amendment Due Process claim against Aldana, Chapman, Kemper, Oswald, Weigand, Taylor, and Madden; and

**Claim Three:** Fourteenth Amendment Equal Protection claim against Aldana, Chapman, Kemper, Oswald, Weigand, Taylor, and Madden.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Aldana, Chapman, Kemper, Oswald, Weigand, Taylor, and Madden;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the amended complaint within 60 days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)).

Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.