# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TITUS HENDERSON,

                Plaintiff,

v.

JASON ALDANA, BRIAN CHAPMAN,
KEVIN MADDEN, DEANA GRAYCE,
THOMAS WIEGAND, PAUL KEMPER,
and MARY TAYLOR,

                Defendants.

Case No. 20-CV-555-JPS

**ORDER**

Plaintiff Titus Henderson ("Plaintiff"), a current inmate at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On August 2, 2022, the Court screened the amended complaint and allowed Plaintiff to proceed against Defendants on the following three claims: (1) Eighth Amendment conditions of confinement claim for the denial of recreation; (2) Fourteenth Amendment Due Process claim; and (3) Fourteenth Amendment Equal Protection claim. ECF No. 13 at 6.

On October 14, 2022, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. ECF No. 22. Following multiple extensions on the briefing schedule and supplemental briefing, that motion is now fully briefed and ready for disposition. For the reasons explained below, the Court will grant Defendants' motion for summary judgment in its entirely based on Plaintiff's failure to exhaust his administrative remedies as to all three claims.

After summary judgment was fully briefed, Plaintiff filed a motion for default judgment on adverse inference based on spoliation of evidence, ECF No. 45, and a motion for a temporary restraining order and injunction. ECF Nos. 45, 46. Defendants then filed a motion for an extension of time to respond. ECF No. 48. For the reasons explained below, the Court will deny these motions as moot.

## 1. STANDARD OF REVIEW

### 1.1 Summary Judgment

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the

PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1    Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04 (Dec. 2014).[1] The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id.* § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.09(6). The ICE may

---

[1] The events at issue in this case took place in 2015. As such, all references to the Wisconsin Administrative Code in this Order are to the version of the code applicable at the relevant time.

reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.11(5), (6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.11(6).[2] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.11(11). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.12(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within ten days. *Id.* § DOC 310.13(1). The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.13(6), 310.14(2). The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.14. If the inmate does not receive the Secretary's written decision within forty-five days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.14(3).

## 2. RELEVANT FACTS

Defendants' motion for summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies as described in detail below. The Court finds the following facts relevant to the disposition of the issue at hand.

_____

[2]The ICRS defines an "appropriate reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(2).

### 2.1 Plaintiff's Allegations

Plaintiff names the following individuals as defendants: Jason Aldana ("Aldana"), Brian Chapman ("Chapman"), Paul Kemper ("Kemper"), "Deana Grayce ("Grayce"),[3] Thomas Wiegand ("Wiegand"), Mary Taylor ("Taylor"), and Kevin Madden ("Madden"). ECF No. 12 at 2. His claims revolve around the indefinite denial of recreation while at Racine Correctional Institution ("RCI"). *Id.* at 3.

Plaintiff arrived at RCI on May 20, 2015. *Id.* Plaintiff alleges that from about March 15, 2015, until May 20, 2015, Kemper, Aldana, Chapman, and Wiegand held secret meetings with Taylor, Madden, and Grayce to write false reports against Plaintiff to justify denying Plaintiff recreation for 397 days without due process or notice. *Id.* Kemper, Aldana, Madden, Grayce, and Chapman all agreed with Taylor's statement that "Prisoner Henderson is a [expletive N-word] that should be killed, cause all staff hate this [N-word]. *Id.* at 4.

On May 23, 2015, Kemper, Aldana, Chapman, and Wiegand held a meeting with Plaintiff and stated that a memo from WSPF is the reason he would not get any recreation at RCI. On September 15, 2015, Kemper, Chapman, Aldana, and Wiegand directed Grayce and Madden to write a false report against Plaintiff to enforce the policy to deny him recreation. *Id.* Chapman, Aldana, and Wiegand found Plaintiff guilty of disobeying orders/policy for attempting to participate in recreation. *Id.* On October 10, 2015, Kemper approved punishment to deny Plaintiff recreation. *Id.*

---

[3]Counsel for Defendants indicated in their amended acceptance of service that Defendant Deana Grayce was formerly known as Deana Oswald. ECF No. 16 at 1. The Court therefore addresses this defendant by her current name to avoid any confusion.

On March 15, 2015, through April 19, 2016, Kemper, Aldana, Wiegand, Chapman, Grayce, Madden, and Taylor sent emails and held meetings with Plaintiff to enforce the RCI policy to deny him all forms of recreation based on false and racist conduct reports. *Id.* at 5. Plaintiff was diagnosed with blindness and dullness in his eyes due to a lack of light, and muscle atrophy as a result of his lack of recreation. *Id.* Plaintiff alleges these individuals used indefinite solitary confinement to abuse and torture Plaintiff both physically and psychologically. *Id.*

Plaintiff further alleges that these defendants discriminated against him on the basis of gender, sex, and race. *Id.* at 10. Defendants refused to impose long-term administrative confinement for transgender/homosexual inmates. *Id.* Plaintiff is a heterosexual, straight, black man placed in administrative segregation based on a false and racist report without a hearing. *Id.* Plaintiff alleges that RCI had a policy prohibiting transgender or homosexual inmates from being placed on administrative segregation, regardless of their violent history. *Id.* at 12.

### 2.2. Exhaustion Facts

Plaintiff is an inmate who was confined at RCI from May 20, 2015 to March 29, 2016. Defendants' Proposed Findings of Fact ("DPFF") 1, ECF No. 25; *see also* Plaintiff's Response to DPFF, ECF No. 34.[4] Plaintiff submitted an inmate complaint that was stamped received by the Institution Complaint Examiner's office on August 31, 2015. The complaint alleged racial discrimination by Security Director Aldana, Chapman, and

---

[4]For ease of reading, the Court will cite only to DPFF when not in dispute. The Court will acknowledge all purported disputes where appropriate and discuss the significance of such dispute in the analysis below.

Case 2:20-cv-00555-JPS   Filed 07/31/23   Page 6 of 26   Document 51

C. Frey. DPFF 2. The inmate complaint received August 31 was returned to Plaintiff (and not processed) on September 4, 2015 by Institution Complaint Examiner Michelle Bones, citing Wis. Admin. Code § DOC 310.09(1)(e). Examiner Bones directed Plaintiff to provide more detail as to the nature of his complaint, such as specific dates, times, staff involved, language used, effect, etc. DPFF 3. Plaintiff re-submitted this inmate complaint on September 9, 2015, and it was accepted and assigned Complaint Number RCI-2015-17270. DPFF 4.

The parties dispute the changes made in Plaintiff's resubmission. Defendants maintain the only change Plaintiff made to Complaint Number RCI-2015-17270 was adding the sentence, "DOC 310.08 - .11 mandate statement be 'brief' and concise." DPFF 5. Plaintiff provides that he "added responses" to this grievance. ECF No. 34 at 1.

The parties further dispute the result of this submission. Defendants maintain that examiner Bones rejected RCI-2015-17270 on September 28, 2015, citing Plaintiff's refusal to follow directives and cooperate with the Complaint Department. DPFF 6. Plaintiff argues that Defendants submitted false documents and that a decision on this submission was not made until August 23, 2022. ECF No. 34 at 2.

Plaintiff submitted another inmate complaint that was stamped received by the Institution Complaint Examiner's office on September 4, 2015. The complaint alleged "racial target Black inmates for Admin. Conf." by Wisconsin Secure Program Facility Capt. Gardner, Capt. Brown, Security Director Aldana, Capt. Chapman, and C. Frey. DPFF 7. The inmate complaint received September 4 was returned to Plaintiff on September 14, 2015 by Examiner Bones, citing Wis. Admin. Code § DOC 310.09(1)(e). Bones directed Plaintiff to provide more detail as to the nature of his

complaint, such as specific dates, times, staff involved, language used, effect, etc. and to clarify his statements. DPFF 8. Plaintiff re-submitted this inmate complaint on September 16, 2015, and it was accepted and assigned Complaint Number RCI-2015-17836. DPFF 9.

The parties dispute how Plaintiff responded to this returned complaint. Defendants maintain that Plaintiff made no changes to Complaint Number RCI-2015-17836. DPFF 10. Plaintiff disputes this and argues that he resubmitted a detailed complaint. ECF No. 34 at 2. Again, the parties dispute the result of Plaintiff's resubmission. Defendants maintain that Examiner Bones rejected RCI-2015-17836 on September 28, 2015, citing Plaintiff's refusal to follow directives and cooperate with the Complaint Department. DPFF 11. Plaintiff again argues that Defendants falsified documents and that he never received a decision on this issue until August 23, 2022. ECF No. 34 at 3.

The parties further dispute the record regarding Plaintiff submitting any inmate complaints about Defendants denying him recreation at RCI or any inmate complaints about Defendants placing him in administrative confinement for months without due process. Defendants originally provided there was no record of Plaintiff submitting *any* inmate complaints about Defendants denying him recreation at RCI. DPFF 12. Plaintiff disputes this and refers to a complaint submitted on June 7, 2015, and resubmitted on June 15, 2015, that was twice returned with "no directing nor reason for return." ECF No. 34 at 3. Defendants also initially stated there was no record of Plaintiff submitting any inmate complaints about the Defendants placing him in administrative confinement for many months without due process. DPFF 13. Plaintiff disputes this fact and refers the Court to his affidavit and accompanying Exhibits Nos. 1–4 to show that he

did submit complaints against Defendants for failing to provide due process for his administrative confinement. ECF No. 34 at 3–4. Further explanation of the parties' "dispute" on this topic is provided below as it appears the parties dispute semantics regarding what constitutes a "complaint" as opposed to disputing actual facts.

3. **ANALYSIS**

Defendants request summary judgment on a single ground: that Plaintiff failed to exhaust his administrative remedies as to all three claims before filing the instant lawsuit. As identified above, the parties agree on very little in terms of Plaintiff's exhaustion efforts. The Court will therefore begin its discussion with each side's position as it relates to each of the three claims present in this case. As explained in detail below, the Court finds that Plaintiff failed to exhaust his administrative remedies as to all three claims in this case, and the Court will accordingly grant Defendants' motion for summary judgment in its entirety and will dismiss all claims without prejudice.

The Court notes for future cases, however, that Defendants did not win this case because their briefing was excellent; it was not. Defendants' briefing is mostly boilerplate exhaustion language and, in many instances, fails to apply the law to the specific facts of this case. As explained in detail below, the mere fact that Plaintiff's inmate complaints were returned or rejected on a procedural basis does not necessarily end the exhaustion analysis. It is more nuanced than that, and, as such, a more in-depth analysis was necessary than the perfunctory conclusions Defendants provided. The Court nonetheless grants summary judgment because the exhaustion of administrative remedies is mandatory, and the undisputed

facts of this case demonstrate that Plaintiff failed to properly exhaust each of his three claims.

### 3.1 Racial Discrimination

Defendants argue that although Plaintiff submitted two claims related to racial discrimination, he failed to properly exhaust these complaints after they were returned and ultimately rejected. ECF No. 23 at 2. The parties agree that Plaintiff attempted to file two inmate complaints regarding racial discrimination: (1) Plaintiff submitted an inmate complaint that was stamped received by the Institution Complaint Examiner's office on August 31, 2015, which was returned and then resubmitted on September 9, 2015, and accepted and assigned Complaint Number RCI-2015-17270; and (2) an inmate complaint that was stamped received by the Institution Complaint Examiner's office on September 4, 2015, which was returned and then resubmitted on September 16, 2015, and accepted and assigned RCI-2015-17836. DPFF 2, 3, 4, 7, 8, 9. The parties dispute, however, the outcome of these complaints and whether they satisfied the exhaustion requirement as to the discrimination claim. The parties further dispute the existence of Plaintiff's Exhibit No. 3, an inmate complaint allegedly filed on June 22, 2015 regarding race discrimination. *See* ECF No. 40 at 6-7. The Court will address each complaint separately on the issue of proper exhaustion.

#### 3.1.1 RCI-2015-17270

First, the Court finds that Plaintiff did not fully exhaust RCI-2015-17270. The Court acknowledges that the parties dispute a fact as to the handling of this complaint—Plaintiff maintains that Defendants submitted forged documents and that no decision on this issue was made until August 23, 2022. *See* ECF No. 34 at 2. The Court does not, however, find this dispute

Case 2:20-cv-00555-JPS    Filed 07/31/23    Page 10 of 26    Document 51

of fact to be genuine, *see Anderson,* 477 U.S. at 248; rather, it appears that Plaintiff misunderstands the 'print date' of the document as opposed to the document's initial creation. *See* ECF No. 26-4 at 6–8. As Defendants explain, the August 23, 2022 date is merely the date the institution printed and provided Plaintiff's relevant inmate complaints to the Department of Justice. ECF No. 37. Plaintiff has provided no evidence or further response to support his assertion that the complaint package for RCI-2015-17270 is a forged document. The Court thus finds that this factual dispute is not genuine and, therefore, this dispute does not preclude summary judgment on this issue.

Turning to the issue of whether this complaint was properly exhausted, Plaintiff's initial submission stated as follows:

> Sec. Dir. Aldana, Chapman, C. Frey using racial discrimination to deny Black inmates right to communicate purs. 309.30-to-309.48
>
> Violation of 42. U.S.C. § 2000 Prohibit Racial Discrimination by State Agents.

ECF No. 26-3. The submission was returned because: "Complaints shall only contain one issue and that issue shall be clearly identified [DOC 310.09(1)(e)]." ECF No. 26-4 at 10. The inmate complaint examiner then provided instruction as to what Plaintiff should do to fix his submission:

> Your complaint is very vague. You must provide detail as to the nature of your complaint. Please cite information such as specific dates, times, staff involved, language used, effect, etc.
>
> Once you clarify your complaint, you may re-file in accordance with DOC 310.

*Id.* Plaintiff re-submitted his submission, adding only that "DOC 310.08-11 mandate statement be 'brief' and concise." ECF No. 26-4 at 9. The inmate examiner rejected the complaint, stating:

[T]he complainant did not provide any verification, information, or documentation as requested. This ICE is unable to review his claims without additional information including specific information regarding his allegations.

…

Therefore, due to lack of documentation and information provided by the complainant, no further action can be taken for investigation or resolution.

ECF No. 26-4 at 6. Plaintiff appealed the rejection of this complaint, ECF No. 26-4 at 11, and the reviewing authority upheld the decision as appropriately rejected under Wis. Admin. Code § DOC 301.11(5). ECF No. 26-4 at 5.

The requirement under 42 U.S.C. § 1997e(a) that prisoners exhaust all available administrative remedies before filing a lawsuit is meant to allow prison officials the opportunity to correct their mistakes and resolve prisoners' complaints without judicial intervention. *Woodford v. Ngo*, 126 S. Ct. 2378, 2387–88 (2006). In filing a grievance, a prisoner's compliance with procedural rules is important in making sure prison officials have "a fair opportunity to consider the grievance." *Id.* at 2388. As such, "[ordinarily, a complaint that is *rejected* for procedural reasons, rather than *dismissed* after a determination on the merits, does not exhaust a prisoner's administrative remedies." *Durley v. Kacyon*, No. 21-CV-154-PP, 2022 WL 16530885, at *5 (E.D. Wis. Oct. 29, 2022) (citing *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005)); *accord Parker v. Almonte-Castro*, No. 21-CV-509-BBC, 2022 WL 2274875, at *4 (W.D. Wis. June 23, 2022) ("[W]hen a complaint is rejected for procedural reasons, it cannot satisfy the exhaustion requirement even if appealed."). But courts in this district have concluded that rejection of an institutional complaint does not *necessarily* render it unexhausted. *See, e.g., Lindell v. Greff*, No. 19-C-827, 2021 WL 718237, at *3 (E.D. Wis. Feb. 24, 2021)

("Because inmates must follow the ICRS rules to properly exhaust, *sometimes* the rejection of an offender complaint demonstrates that the plaintiff did not follow the rules and therefore did not properly exhaust." (emphasis added)).

In *Jones v. Frank,* No. 07-CV-141-BBC, 2008 WL 4190322, *1 (W.D. Wis. Apr. 14, 2008), the court addressed a similar exhaustion question where an inmate's complaint had been rejected for the failure to allege sufficient facts upon which relief may be made. *Id.* at *3. The court acknowledged the general rule that a prisoner's failure to comply with procedural requirements would normally require dismissal for the failure to exhaust administrative remedies. The court went on to explain, however, that a "plaintiff would escape the consequences of the general rule if the procedural requirement at issue prevents him from obtaining "'a meaningful opportunity' to present his grievance." *Id.* (citations and quotation marks omitted). A procedural requirement could be invalid on its face if it is nothing more than "'an additional procedural technicality,'" or an arbitrary barrier to an inmate's filing of a lawsuit. or an arbitrary barrier to filing a lawsuit. *Id.* (quoting *Love v. Pullman,* 404 U.S. 522, 526 (1972)).

Here, Plaintiff's RCI-2015-17270 complaint was originally returned for Plaintiff's failure to file a complaint with only one issue where the issue was clearly identified. Plaintiff's second submission failed to provide any additional factual detail and its appeal was upheld because it failed to allege sufficient facts upon which redress could be made. Plaintiff does not appear to dispute the facial validity of these requirements; instead, the dispute lies in the examiner's interpretation and application of the requirement. The complaint examiner instructed Plaintiff to resubmit his complaint with

more specific information, such as specific dates, times, staff involved, language used, effect, etc. Similar to *Jones*, requiring Plaintiff to provide this type of specific information is not explicitly listed in § DOC 310.09(1)(e); the regulation only provides that complaints must "clearly identify the issue." *See* Wis. Admin DOC § 310.09(1)(e). Did Plaintiff's initial submission meet this requirement?

The Court does not insert its own independent review of whether Plaintiff's submission met the procedural requirements for inmate complaints. Instead, courts "must give deference to prison officials regarding interpretation and application of their own grievance procedures so long as the procedures provide inmates with a meaningful opportunity to present grievances." *Jones*, 2008 WL 4190322, at *3; *accord Simpson v. Greenwood,* No. 06-C-612-C, 2007 WL 5445538, at *4 (W.D. Wis. Apr. 6, 2007); *see also Strong v. David,* 297 F.3d 646, 649 (7th Cir. 2002) ("It is up to the administrators to determine what is necessary to handle grievances effectively."). Under deferential review, the Court cannot conclude that the complaint examiner's interpretation and application of the procedural requirements were clearly erroneous, arbitrary, or intended to prevent Plaintiff from exercising his right of access to the courts. It is reasonable that the complaint examiner would need at least some specific information regarding Plaintiff's allegations of racial discrimination in order to actually investigate those claims and to effectuate the purpose of the inmate complaint system. As such, the Court finds that the complaint examiner's interpretation and application of the requirements did not obstruct Plaintiff from obtaining a meaningful opportunity to present his grievance. Plaintiff was specifically advised of the steps he needed to take to "properly" exhaust his grievance, but he failed to take those steps.

The Court acknowledges and certainly understands that prisoners may at times be frustrated with the inmate complaint system and feel that they unfairly receive contradictory guidance on how to properly exhaust a complaint, such as a returned complaint initially for putting *too much* information into a complaint, and in turn only to be returned again, when attempting to comply with the examiner's request, for including *too little* information in the complaint. There is no perfect, one-size-fits-all answer to how much detail is acceptable to comply with the procedural requirements for filing a grievance, and the Court recognizes that this may be confusing to anyone, and especially confusing to unsophisticated parties proceeding pro se. In a closer case, the Court certainly could see a situation where the return or rejection of a complaint for the failure to follow procedural rules would necessarily prevent a prisoner from obtaining a meaningful opportunity to present his or her grievance. That is not, however, the case here as Plaintiff did not even attempt to comply with the examiner's request. Accordingly, the Court finds that Plaintiff did not properly exhaust RCI-2015-17270.

### 3.1.2 RCI-2015-17836

Second, the Court finds that Plaintiff did not fully exhaust RCI-2015-17836. The Court again acknowledges that the parties dispute a fact as to the handling of this complaint—Plaintiff maintains that Defendants submitted forged documents and that no decision on this issue was made until August 23, 2022. *See* ECF No. 34 at 3. As discussed above, the Court does not find this dispute of fact to be genuine, *see Anderson,* 477 U.S. at 248; rather, it appears that Plaintiff misunderstands the 'print date' of the document as opposed to the document's initial creation. *See* ECF No. 26-6 at 1-83. As Defendants explain, the August 23, 2022 date is merely the date

the institution printed and provided Plaintiff's relevant inmate complaints to the Department of Justice. ECF No. 37. Plaintiff has provided no evidence or further response to support his assertion that the complaint package for RCI-2015-17836 is a forged document. The Court thus finds that this factual dispute is not genuine and therefore does not preclude summary judgment on this issue.

Turning to the issue of whether this complaint was properly exhausted, Plaintiff's initial submission stated as follows:

> At the assistance of WSPF Capt. Gardner & Brown, Sec. Dir. Aldana Capt. Chapman, C. Frey racial target Black inmates for Admin. Conf. when PSU Dr. Baas 'Recommendation' was not to place Henderson in Admin. Conf. purs. § 302.10.
>
> …
>
> Sgt. [Grayce] state she was authorized by Aldana + Chapman to treat Henderson different now that Louis Nievez is gone.

ECF No. 26-5 at 1. The submission was returned because: "Complaints shall only contain one issue and that issue shall be clearly identified [DOC 310.09(1)(e)]." ECF No. 26-6 at 10. The inmate complaint examiner then provided instruction as to what Plaintiff should do to fix his submission:

> Your complaint is very vague. You must provide detail as to the nature of your complaint. Please cite information such as specific dates, times, staff involved, language used, effect, etc.
>
> Clarify your statements 'at the assistance of WSPF Capt. Gardner and Capt. Brown' and 'Sgt. [Grayce] states she was authorized…to treat Henderson different.'
>
> You must provide facts and information to clarify your allegations and clearly identify the issue.

*Id.* Plaintiff re-submitted his submission but made no changes as requested. ECF No. 26-6 at 9. The inmate examiner rejected the complaint, stating:

> [T]he complainant did not provide any verification, information, or documentation as requested. This ICE is unable to review his claims without additional information including specific information regarding his allegations.
>
> …
>
> Therefore, due to lack of documentation and information provided by the complainant, no further action can be taken for investigation or resolution.

ECF No. 26-6 at 9. Plaintiff appealed the rejection of this complaint, ECF No. 26-6 at 11, and the reviewing authority upheld the decision as appropriately rejected under § DOC 301.11(5). ECF No. 26-6 at 5.

The same analysis applied above to RCI-2015-17270 applies to this complaint. Under deferential review, the Court cannot conclude that the complaint examiner's interpretation and application of the procedural requirements were clearly erroneous, arbitrary, or intended to prevent Plaintiff from exercising his right of access to the courts. Again, it is reasonable that the complaint examiner would need at least some specific information regarding Plaintiff's allegations of racial discrimination in order to actually investigate those claims. Unlike his previous submission where he added one additional sentence to his complaint, Plaintiff did not add any detail to his second submission in this instance and did not even attempt to comply with the inmate examiner's request for more information. As such, the Court finds that Plaintiff did not properly exhaust RCI-2015-17836.

### 3.1.3   Plaintiff's Exhibit No. 3

Third, the Court finds that Plaintiff failed to fully exhaust the inmate complaint allegedly filed on June 22, 2015, regarding race discrimination. As acknowledged above, Defendants dispute that Plaintiff ever filed this

complaint and offer an explanation as to how Plaintiff forged this document through the use of another inmate complaint and erasing portions written in pencil. ECF No. 40 at 6–7. Defendants explain the factual dispute in their favor but fail to adequately explain why this dispute does not preclude summary judgment. *See id.* Although Defendants' explanation is certainly reasonable on its face, the Court *cannot* resolve factual issues at the summary judgment stage in favor of the non-moving party. Here, the Court takes disputed facts in the light most favorable to Plaintiff, and therefore assumes for the purposes of this Order that Plaintiff filed an offender complaint regarding race discrimination on June 22, 2015. *See* ECF No. 35-1 at 3.

Even assuming that this June 22, 2015 inmate complaint was filed, however, there is nothing in the record to show that it was properly exhausted. Plaintiff's affidavit provides only that his Exhibit No. 3 is a true and correct copy of his inmate complaint filed on June 22, 2015. ECF No. 35 at 2. Plaintiff's brief in opposition provides, without factual support, that the complaint examiner returned this complaint and asked for more detail. ECF No. 33 at 4. Plaintiff does not represent that he resubmitted this complaint with more detail, as requested, or took any additional action in furtherance of this complaint to fully exhaust it and to allow the prison to investigate his claims. The Seventh Circuit requires a strict compliance approach to exhaustion, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and even Plaintiff's own version of the facts do not show that he properly exhausted this submission. Based on the record before it, the Court accordingly finds that Plaintiff did not properly exhaust the June 22, 2015 grievance.

In sum, the Court finds that Plaintiff did not properly exhaust his administrative remedies as to his discrimination claim. As such, the Court will grant Defendants' motion for summary judgment on this claim and dismiss the claim without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (finding all exhaustion dismissals should be without prejudice).

### 3.2    Recreation

First, Defendants initially argued that Plaintiff did not submit any inmate complaints about being denied recreation at RCI. ECF No. 23 at 2. Plaintiff disputes this contention and accuses Defendants of lying. *See* ECF No. 34 at 3. Defendants later acknowledge this factual dispute regarding Plaintiff's Exhibit No. 5 in their supplemental briefing. ECF No. 40 at 8–9.

Plaintiff maintains that he sent inmate complaints on June 7, 2015 and June 15, 2015 regarding recreation being denied indefinitely. Plaintiff states that on June 9, 2015 and June 16, 2015, the complaint examiner returned the complaint without reasons. *See* ECF No. 35 at 3. Plaintiff supports this position with a supporting exhibit of his inmate complaint. ECF No. 35-1 at 7. Plaintiff's Exhibit No. 5 is an offender complaint showing that Plaintiff signed it on June 15, 2015. *Id*. It states: "This is second time submitting complaint about denial of recreation for no reason. I enclose responses…that recreation is/will be denied indefinite regardless of conduct." *Id*. Plaintiff argues that exhaustion was complete because the complaint examiner refused to direct him how to correct the complaint or what the next steps would be. ECF No. 33 at 2–3. Defendants dispute that Plaintiff ever filed this complaint and offer an explanation as to how Plaintiff forged this document through the use of another inmate complaint and erasing portions written in pencil. ECF No. 40 at 8. Again, although a

reasonable explanation on its face, the Court *cannot* resolve factual issues at the summary judgment stage in favor of the non-moving party. The Court takes disputed facts in the light most favorable to Plaintiff, and therefore assumes for the purposes of this Order that Plaintiff filed an offender complaint regarding the indefinite denial of recreation on June 15, 2015. *See* ECF No. 35-1 at 7.

Even assuming that this June 15, 2015 inmate complaint was filed, however, there is nothing in the record to show that it was properly exhausted. Plaintiff's affidavit provides that his Exhibit No. 5 is a true and correct copy of his inmate complaint filed on June 15, 2015. ECF No. 35 at 3. Plaintiff's affidavit further provides that on June 9, 2015 and June 15, 2015, the complaint examiner returned his submissions without reasons. *Id.* The Court acknowledges that this issue is closer than the analysis for Plaintiff's Exhibit No. 3 discussed above, because in this instance he does allege that his submission was returned without instruction. However, Plaintiff does not represent that he resubmitted this complaint or took any additional action in furtherance of this complaint to fully exhaust and provide the institution an opportunity to investigate and review his grievance. As such, the Court finds that Plaintiff did not properly exhaust this grievance related to the denial of recreation. The Court will accordingly grant Defendants' motion for summary judgment on this claim and dismiss the claim without prejudice. *See Ford,* 362 F.3d at 401.

### 3.3    Administrative Confinement

Again, Defendants initially argued that Plaintiff did not submit *any* inmate complaints about being placed on administrative confinement for many months at RCI without a hearing or without process. ECF No. 23 at 2. Plaintiff disputes this contention and accuses defendants of lying. *See*

ECF No. 34 at 3-4. Plaintiff maintains that he submitted inmate complaints related to denial of due process hearings for his administrative confinement. *See* ECF No. 33 at 6. Plaintiff supports this position with Exhibit No. 1 and Exhibit No. 2.[5] ECF No. 33 at 6. Plaintiff's Exhibit No. 1 is an inmate complaint, with a submission date and date received of June 9, 2025 alleging that: (1) Defendant Chapman had created a half-time policy to deny black inmates segregation release and due process; and (2) that Defendant Chapman would not tell him his segregation status. ECF No. 35-1 at 1. Plaintiff's Exhibit No. 2 is an inmate complaint, with a submission date of June 10, 2015 and a June 12, 2015 date received stamp, alleging that he was to be placed on administrative confinement without a due process hearing and in disregard for an order to release him from administrative confinement due to mental deterioration in segregation. *Id.* at 2.

Defendants' reply argued that exhaustion was not complete because "returned complaints" do not satisfy exhaustion. ECF No. 37 at 3. Following the Court's order to clarify this issue, Defendants' supplemental briefing and supporting declaration, ECF Nos. 40, 41, provide clarity regarding what a 'returned complaint' is and why it does not satisfy exhaustion.

---

[5]Plaintiff also references his Exhibit No. 4 and Exhibit No. 6 in support of his argument. ECF No. 33 at 6. However, neither of these exhibits involve the denial of due process. Exhibit No. 4 shows that RCI-2015-9745, alleging "issues with CR 2636838" was rejected. ECF No. 35-1 at 5. Exhibit No. 6. shows that RCI-2016-960, alleging the inmate complaint examiner "threated to confiscate complaints if he tried to use the ICRS," was dismissed. These documents do not appear to support his argument that he exhausted his due process claims, and Plaintiff does not explain his argument as to these exhibits. The Court therefore does not address these exhibits in detail because undeveloped arguments are waived. *See, e.g.*, *United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

Defendants explain that an institution complaint examiner may "return and not process as complaints" submissions that do not meet the filing requirements in the Code. ECF No. 40 at 2 (citing Admin. Code §§ DOC 310.09(3); 310.07(2)(b)). Defendants clarify that "[b]ecause returned complaints are returned and not processed as complaints, they are not considered complaints." *Id.* Defendants acknowledge these documents should probably be more accurately called "returned submissions." *Id.* Defendants explain that their initial brief argued that Plaintiff did not submit *any* inmate complaints about Defendants denying him due process hearings for administrative confinement "because returned submissions are returned and not processed as complaints and thus are not considered complaints." *Id.* at 3. Defendants further explain that an inmate's Complaint History Report does not include any returned submissions. *Id.* Defendants clarify that submissions are scanned into the Inmate Complaint Tracking System, a database that retains all Inmate Complaint Review System related documents (complaints, appeals, correspondence, submissions, return letters). *Id.*

As to the submissions related to Plaintiff's Exhibit No. 1, Defendants explain that the database discussed above contains two submissions and two return letters associated with this exhibit. *Id.* at 4. On June 7, 2015, Plaintiff filed a submission alleging Chapman had created a half-time policy to deny black inmates segregation release and due process. *Id.* The inmate complaint examiner returned the submission with a letter, informing Plaintiff that his submission violated Wis. Admin. Code § DOC 309(1)(e) because he had not clearly identified one issue. *Id.* The examiner also directed Plaintiff to follow up with Captain Chapman and Security Director Aldana regarding unit issues. *Id.* Plaintiff then filed the same

submission, date stamped on June 12, 2015, with additional information alleging Aldana and Chapman were in possession of Interview/Information Requests. *Id.* The complaint examiner again returned the submission with a letter, informing Plaintiff of his separation status, and requesting that Plaintiff provide written documentation of his attempts to resolve the issues he was having with the appropriate staff members, pursuant to Wis. Admin. Code § DOC 310.09(4). *Id.* Plaintiff did not correct and resubmit his submission after the second return letter. *Id.* at 4–5. Defendants maintain that Plaintiff's Exhibit No. 1 was never accepted and investigated, so it never became a complaint. *Id.* at 5.

As to the submissions related to Plaintiff's Exhibit No. 2, Defendants explain that the database contains one submission and one return letter associated with this exhibit. On June 10, 2015, Plaintiff filed a submission alleging that Chapman and Aldana placed him on administrative confinement, despite a previous order and without due process. *Id.* The complaint examiner returned Plaintiff's submission using the same letter she used when she returned Plaintiff's second submission discussed above. *Id.* Plaintiff did not correct and resubmit his submission after this return letter. *Id.* Defendants maintain that Plaintiff's Exhibit No. 2 was never accepted and investigated, so it never became a complaint. *Id.*

In light of the undisputed evidence, the Court agrees with Defendants that Plaintiff did not fully exhaust his administrative remedies as to his denial of due process claim. As discussed above in detail, however, the Court disagrees with Defendants' conclusory assertion that a returned complaint could never satisfy exhaustion. If that were the case, a complaint examiner would have no incentive to ever accept any complaint; they could simply make up a false procedural reason for returning any grievances and

incarcerated individuals could never receive judicial review of a claim because they failed to exhaust their administrative remedies. Grievance procedures must provide inmates with a meaningful opportunity to present grievances. *See Jones,* 2008 WL 4190322, at *3. The Court does not, however, find that to be the case in this instance. Giving deference to the complaint examiner's interpretation and application of the procedural rules, the Court cannot say that Plaintiff was prevented from meaningful review of his grievances. The complaint examiner responded to Plaintiff's grievances and requested additional information that Plaintiff failed to provide. The Court accordingly finds that Plaintiff did not fully exhaust his administrative remedies as to his due process claim. As such, the Court will grant Defendants' motion for summary judgment on this claim and dismiss the claim without prejudice. *See Ford,* 362 F.3d at 401.

### 4. PLAINTIFF'S POST-BRIEFING MOTIONS

As identified above, after the summary judgment motion was fully briefed, Plaintiff filed a motion for default judgment and adverse inference based on spoliation of evidence, ECF No. 45, and a motion for a temporary restraining order and injunction, ECF No. 46. Plaintiff alleges that Assistant Attorney Generals directed the destruction of his legal evidence and "stole all legal evidence" from this case and other cases. ECF No. 47 at 2–3. Plaintiff also alleges that Assistant Attorney General Paulson directed Defendant Kind to deny Plaintiff medication to kill him. *Id.* at 4. Plaintiff also alleges that Captain Cushing, in retaliation for pursuing this case, on March 13, 2023, said, "I'm not letting none of your mail leave this prison for getting us. I'll lie everytime[sic] you file a complaint." *Id.* at 5. Defendants adamantly deny these allegations. ECF No. 49.

The Court acknowledges that Plaintiff makes serious allegations against Defendants and their counsel. However, the claims at issue in this case revolve around events that occurred nearly eight years ago in 2015. Plaintiff does not explain how these current allegations, most importantly, the destruction of his legal materials, would have affected the outcome of the exhaustion issue. As explained in detail above, the Court finds that Plaintiff did not exhaust his administrative remedies for the claims in this case. Plaintiff's current allegations, although serious in nature, therefore, do not affect the outcome of the pending exhaustion motion, and this case must be dismissed because Plaintiff failed to exhaust his administrative remedies. The Court will accordingly deny Plaintiff's motions and Defendants' motion for an extension of time as moot. Plaintiff is free to file a new claim against Defendants if he believes he has been retaliated against or has been denied access to the courts.

5.      **CONCLUSION**

For the reasons explained above, the Court will grant Defendants' motion for summary judgment. Plaintiff's inmate complaints did not give prison officials the opportunity to investigate and resolve his issues prior to this litigation. The Court therefore finds that Plaintiff failed to properly exhaust his administrative remedies as to all three claims in this case. As such, the Court will dismiss this case and all three claims without prejudice. *See Ford,* 362 F.3d at 401.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment, ECF No. 22, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment and adverse inference based on spoliation of evidence, ECF No.

45, Plaintiff's motion for a temporary restraining order and injunction, ECF No. 46, and Defendants' motion for an extension of time, ECF No. 48, be and the same are hereby **DENIED as moot;** and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2023.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.