# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TITUS HENDERSON,<br><br>     Plaintiff,<br><br>v.<br><br>JASON ALDANA, BRIAN CHAPMAN, KEVIN MADDEN, DEANA GRAYCE, THOMAS WIEGAND, PAUL KEMPER, and MARY TAYLOR,<br><br>     Defendants. | Case No. 20-CV-555-JPS<br>7th Cir. Case No. 23-2612<br><br>**ORDER** |

   Plaintiff, a prisoner proceeding pro se, brought this action alleging that his civil rights were violated. This action was dismissed on July 31, 2023. ECF No. 51. On August 15, 2023, Plaintiff filed a notice of appeal, ECF No. 53, along with a motion to proceed on his appeal without prepayment of the filing fee, or *in forma pauperis*, ECF No. 54. The Court denied him *in forma pauperis* status on appeal on September 6, 2023. ECF No. 58. On February 23, 2024, the Court of Appeals granted Plaintiff's request to proceed *in forma pauperis* on appeal and directed this Court to assess the initial partial filing fee ("IPFF") for the appeal. ECF No. 64. On February 29, 2024, the Court ordered Plaintiff to pay $0.47 as an initial partial filing fee on appeal on or before April 1, 2024. ECF No. 67. On March 28, 2024, Plaintiff filed a motion to waive the initial partial filing fee. ECF No. 69.

   The Court will deny Plaintiff's motion to waive the initial partial filing fee on appeal. Plaintiff indicates that since filing his notice of appeal, his financial circumstances have changed such that he is unable to pay the

initial partial filing fee. A court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal punctuation omitted). The Seventh Circuit has instructed, "It is not enough that the prisoner lacks assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee." *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Plaintiff is a no stranger to the litigation process and has filed numerous cases in this district and the Western District of Wisconsin. *See, e.g., Henderson v. Ziteck,* Case No. 22-CV-884-JPS (E.D. Wis.). Plaintiff is familiar with the initial partial filing fee process and therefore bears the consequence for spending his money after filing his appeal rather than saving some of it to pay the initial partial filing fee. Accordingly, the Court will deny Plaintiff's request to waive his obligation to pay the $0.47 initial partial filing fee. The Court will, however, extend the deadline by which he must pay the fee to **May 1, 2024**. Failure to pay the initial partial filing fee within the specified time period may result in dismissal of this appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to waive the initial partial filing fee on appeal, ECF No. 69, be and the same is hereby **DENIED**;

Plaintiff must pay the $0.47 initial partial filing fee on appeal on or before **May 1, 2024**. Plaintiff's failure to comply with this order may result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge