UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TITUS HENDERSON,

           Plaintiff,

v.

JASON ALDANA, BRIAN CHAPMAN, KEVIN MADDEN, DEANA GRAYCE, THOMAS WIEGAND, PAUL KEMPER, and MARY TAYLOR,

           Defendants.

Case No. 20-CV-555-JPS

**ORDER**

        Plaintiff, a prisoner proceeding pro se, brought this action alleging that his civil rights were violated. This action was dismissed on July 31, 2023. ECF No. 51. On March 7, 2025, the Seventh Circuit Court of Appeals vacated the judgment with respect to the claim about recreation time and remanded the case to conduct an evidentiary hearing on the exhaustion of that claim. ECF No. 71. On April 8, 2025, Plaintiff filed a motion for substitution of district judge. ECF No. 74.

        Plaintiff requests substitution of judge based on the Court's alleged racial bias and intentional personal bias against Plaintiff for allowing Defendants to knowingly file false and forged prison files. Plaintiff also points to the undersigned's alleged family relationship with a nurse at Waupun Correctional Institution to show the Court's inability to be fair and impartial. *Id.* Both 28 U.S.C. § 144 and § 455(b)(1) require a judge to disqualify himself from deciding a case if he has a "personal prejudice or bias" concerning a party. "A trial judge has as much obligation not to recuse

himself when there is no occasion for him to do so [under § 144] as there is for him to do so when the converse prevails." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (quoting *United States v. Ming,* 466 F.2d 1000, 1004 (7th Cir.1972)). Plaintiff's motion notably fails to comply with the requirement in § 144 requiring an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Plaintiff's conclusory motion of bias and prejudice therefore fails to present any basis for recusal under § 144.

Similarly, § 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (REHNQUIST, C.J., respecting recusal). This is an objective inquiry. *Id.* The Court must look at any potential conflicts or bias "from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Id.*

There is nothing in Plaintiff's motion that would cause a "reasonable observer who is informed of all of the surrounding facts and circumstances" to question the Court's impartiality. To begin, Plaintiff's allegations regarding the Court's personal relationship with a Waupun nurse have no basis in fact. Further, disagreement with a court's prior ruling is certainly not a basis for judicial recusal. In this context, a judge's recusal is not required unless a ruling or opinion makes "'fair judgment impossible.'" *In re City of Milwaukee*, 788 F.3d 717, 722 (7th Cir. 2015). The Court does not doubt its ability to be fair and impartial adjudicating this case going forward. Therefore, there is no basis for recusal under 28 U.S.C. § 455. As such, the Court will accordingly deny Plaintiff's motion for substitution of district judge.

Finally, the Court will set a status conference with the parties to discuss scheduling issues going forward. The Court will hold a telephonic hearing on **May 29, 2025, at 1:00 p.m. (CST)**. The Court will initiate the phone call. Defendants shall make all necessary arrangements for Plaintiff to attend the hearing telephonically and must provide the Court with a phone number to reach Plaintiff. The parties must be prepared to discuss all pending motions and scheduling going forward.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to substitute district judge, ECF No. 74, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this matter be set for a telephonic status conference on **May 29, 2025, at 1:00 p.m. (CST)**. The Court will initiate the phone call. Defendants shall make all necessary arrangements for Plaintiff to attend the hearing telephonically and shall provide the Court with a phone number at which to reach Plaintiff.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge