# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

          Plaintiff,

v.                                                     Case No. 20-CV-555

JASON ALDANA, *et al.*,

          Defendants.

---

## DECISION AND ORDER

---

Plaintiff Titus Henderson, a prisoner proceeding pro se, brought this action alleging that his civil rights were violated. The case was dismissed on July 31, 2023, for Henderson's failure to exhaust administrative remedies. (ECF No. 51.) On March 7, 2025, the Seventh Circuit Court of Appeals vacated the judgment with respect to the claim about recreation time and remanded the case to conduct an evidentiary hearing on the exhaustion issue of that claim. (ECF No. 71.) On July 18, 2025, District Judge J.P. Stadtmueller referred the case to this branch of the court for the purpose of conducting an evidentiary hearing on the exhaustion issue. (ECF No. 77.) On July 23, 2025, Henderson filed a motion for an order to issue subpoenas for five witnesses and for documents. (ECF No. 78.)

On August 5, 2025, the court noticed a telephonic scheduling conference for September 17, 2025. At that conference the court scheduled an in-person evidentiary

hearing for October 23, 2025. (ECF No. 82.) During that conference defense counsel agreed to secure Henderson's witnesses and documents for the hearing. (ECF No. 82.)

On October 7, 2025, defendants filed a motion to exclude witnesses and motion to conduct hearing via Zoom or in the alternative to allow Emily Davidson to testify via Zoom. (ECF No. 84.) The following day the court noticed a telephonic status hearing for October 15, 2025. Later that day Henderson filed a motion for order for subpoena of witnesses and documents for sanctions, which the court liberally construes as a motion for three additional witnesses. (ECF No. 86.) On October 13, 2025, defendants filed a motion asking the court to take judicial notice of court decisions (ECF No. 87) and Henderson filed a response to defendants' motion to exclude witnesses (ECF No. 89). On October 15, 2025, the court conducted a telephonic status conference to address these pending issues. During the conference the court ordered defendants to notify the court about the availability of Henderson's proposed additional witnesses. (ECF No. 90.) On October 16, 2025, defendants filed a letter advising the court on the availability of witnesses for the evidentiary hearing (ECF No. 91) and Henderson filed an objection about conducting the hearing via Zoom (ECF No. 93).

First, the court will grant defendants' motion to conduct the evidentiary hearing via Zoom. After discussing the issue at length with the parties, the court is satisfied that a live Zoom hearing is more appropriate in this case given the number of witnesses and their various locations throughout Wisconsin. As the technology has become more common, district courts have held evidentiary hearings via Zoom. *See,*

*e.g., Collins v. Surprise*, No. 21-CV-237-BBC, 2022 WL 756877, at *3 (W.D. Wis. Feb. 25, 2022) (ordering Zoom evidentiary hearing on exhaustion issue); *French v. Hannula*, No. 19-CV-503-WMC, 2021 WL 1721598, at *1 (W.D. Wis. Apr. 30, 2021) (Zoom evidentiary hearing on exhaustion issue); *Ford v. Matushak*, No. 19-CV-1005, 2020 WL 3798868, at *1 (E.D. Wis. July 6, 2020) (same).

In opposing the motion to conduct the hearing via Zoom, Henderson explained that his prior experience with Zoom proved problematic when the witnesses were unable to answer questions about exhibits that Henderson wanted to ask them about. When asked what documents Henderson wanted to ask the witnesses question about in this case, Henderson stated that he needed each witness to have a copy of the documents found at ECF No. 26 (Declaration of Leah Zeni) and ECF No. 41 (Declaration of Emily Davidson), including all accompanying exhibits. Henderson's written objection reiterates the arguments he made at the hearing and does not change the court's analysis (*See* ECF No. 93.)[1] With defense counsel's assurance that each witness will have in his or her possession the documents identified by Henderson, the court will grant defendants' motion to conduct the evidentiary hearing via Zoom.

The court will accordingly terminate the writ of habeas corpus to transport Henderson to the hearing. The court will provide the parties with the necessary

---

[1] Henderson believes the court "overruled" District Judge Statdtmueller's decision to conduct the hearing in-person. (ECF No. 93.) The court disagrees. Judge Stadtmueller told the parties that specific requests about the evidentiary hearing shall be directed to the assigned magistrate judge. (ECF No. 77.)

3

Case 2:20-cv-00555-JPS-WED   Filed 10/16/25   Page 3 of 7   Document 94

information to attend the hearing via Zoom. Counsel for defendants shall make all necessary arrangements for the witnesses to appear via Zoom.

Second, the court will deny defendants' motion to exclude Henderson's five original witnesses. Defendants argue that Ellen Ray, Travis Platt and Alan DeGroot have no personal knowledge of Henderson's recreation claim and that Leah Zeni's testimony would be cumulative of testimony that can be provided by Emily Davidson. (ECF No. 84 at 2). Henderson explained why he believes these witnesses have information that is relevant to his claims. Evidence is relevant if it has any tendency to make a fact more probable than it would be without the evidence. Fed. R. Evid. 401. At this juncture, the court is unable to determine that these witnesses are irrelevant to Henderson's argument or that Ms. Zeni's testimony would be cumulative of any testimony offered by Ms. Davidson. Moreover, as the hearing will now be conducted via Zoom, any inconvenience to the witnesses is minimized. As such, the court will deny defendants' motion to exclude witnesses.

Third, the court will grant in part and deny in part Henderson's motion for additional witnesses. (ECF No. 86.) Henderson requests that Micheal Hille (CCI Accounting Supervisor), Kevin Garceau (CCI Warden), and Kyle Zenk (CCI Property Captain) be available to testify at the evidentiary hearing. Defendants believe these additional witnesses have no information that is relevant to Henderson's claims. The court will grant Henderson's request with respect to Michael Hille and Kyle Zenk because he has posed a plausible explanation as to why they may support his argument. The court will deny, however, Henderson's request as to Warden Kevin

4

Garceau because the court finds that Henderson has not provided a plausible explanation as to why he has knowledge of any relevant information that would not be cumulative of testimony offered by Hille and Zenk.

In light of these rulings, the court must address defendants' most recent filing (ECF No. 91) regarding the availability of witnesses. Defendants indicate that Kyle Zenk is not available on October 23, 2025, and that Leah Zeni is on a sudden leave until October 21, 2025. (ECF No. 91.) Defendants ask for the hearing to be briefly postponed. (ECF No. 91.) The court finds defendants' request to reschedule the hearing reasonable, particularly in light of the fact that Henderson only identified Kyle Zenk as a potential witness last week. (*See* ECF No. 86.) The court will reschedule the evidentiary to be held on November 6, 2025, at 9:00 a.m. (CST), via Zoom. Defendants shall make all necessary arrangements for the following witnesses to appear at the evidentiary hearing via Zoom: Ellen Ray, Alan DeGroot, Travis Platt, Leah Zeni, Emily Davidson, Micheal Hille, and Kyle Zenk. Defendants shall also ensure that each witness has a copy of ECF No. 26 and ECF No. 41 and all accompanying exhibits prior to the start of the hearing.

Finally, the court will grant defendants' motion to take judicial notice of *Henderson v. Frank*, WL 1282783 and *Henderson v. Zitek*, 2024 WL 4006215. The Court may take judicial notice of these cases because their existence is not subject to reasonable dispute and they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

5

Case 2:20-cv-00555-JPS-WED   Filed 10/16/25   Page 5 of 7   Document 94

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motion to conduct hearing via Zoom (ECF No. 84) is hereby **GRANTED**; the court will provide the parties with the necessary information to attend the hearing via Zoom;

**IT IS FURTHER ORDERED** that this matter be rescheduled for a Zoom evidentiary hearing on **November 6, 2025, at 9:00 a.m. (CST)** before the Honorable William E. Duffin in the United States District Court for the Eastern District of Wisconsin;

**IT IS FURTHER ORDERED** that defendants' motion to exclude witnesses (ECF No. 84) is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Henderson's motion for order for subpoena of witnesses and documents (ECF No. 86) is hereby **GRANTED in part and DENIED in part as described in this order**;

**IT IS FURTHER ORDERED** that counsel for defendants shall secure Henderson's witnesses and documents for the Zoom evidentiary hearing as described in this order; and

**IT IS FURTHER ORDERED** that defendants' motion for the court to take judicial notice of court decisions (ECF No. 87) is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin this 16th day of October, 2025.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge