UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TITUS HENDERSON,

               Plaintiff,

v.                                                Case No. 20-CV-555

JASON ALDANA, *et al.*,

               Defendants.

### REPORT AND RECOMMENDATION

      Plaintiff Titus Henderson, a prisoner proceeding pro se, brought this action alleging that his civil rights were violated. The case was dismissed on July 31, 2023, for Henderson's failure to exhaust administrative remedies. (ECF No. 51.) On March 7, 2025, the Seventh Circuit Court of Appeals vacated the judgment with respect to Henderson's claim about recreation time and remanded the case to conduct an evidentiary hearing on the exhaustion issue of that claim. (ECF No. 71, *Henderson v. Aldana,* No. 23-2612, 2025 WL 722116, at *1 (7th Cir. Mar. 6, 2025)). On July 18, 2025, District Judge J.P. Stadtmueller referred the case to this branch of the court for the purpose of conducting an evidentiary hearing on the exhaustion issue. (ECF No. 77.)

      The court held the evidentiary hearing via Zoom on November 6, 2025. (ECF No. 96.) This recommendation considers the testimony given at the evidentiary

hearing and recommends denying the motion for summary judgment on exhaustion grounds with respect to the recreation claim.

Judge Stadtmueller and the Seventh Circuit summarized the allegations of Henderson's underlying recreation claim, laid out the applicable standards for exhaustion, and explained the general process for exhausting claims in the previous orders on the exhaustion issue. (ECF Nos. 51, 71.) The court will not repeat them here.

## SUMMARY OF TESTIMONY

In addition to Henderson, the following seven witnesses testified at the hearing: Leah Zeni, Emily Davidson, Ellen Ray, Michael Hille, Kyle Zenk, Travis Platt, and Allen DeGroot. (ECF No. 96.) The court allowed Henderson considerable leeway in presenting his arguments. However, much of the testimony was irrelevant to the question of whether Henderson submitted an inmate complaint on the recreation issue. Henderson maintains he submitted an inmate complaint about recreation (hereinafter "Exhibit 5") (ECF No. 35-1 at 7), whereas defendants maintain that Henderson fabricated Exhibit 5 after the fact. As such, the court summarizes the witness testimony with a focus on the relevant facts necessary to the court's recommendation on the exhaustion issue.

Zeni, the inmate complaint examiner at Racine Correctional Institution, testified about the 2022 declaration she provided in support of defendants' motion for summary judgment. (*See* ECF No. 26.) Zeni's declaration stated that she found "no record of Henderson submitting any inmate complaints relevant to his claims that

2

defendants denied him recreation at Racine." (ECF No. 26 ¶ 20.) Zeni testified about the general process for filing inmate complaints and the duties of a complaint examiner. Henderson questioned Zeni about the 'print date' on the exhibits to her declaration and how it corresponded to the inmate's listed address in those documents. Zeni explained that the address will update to the current address of an inmate as of the inmate's location on the date the document was printed.

Davidson testified about her role as a Corrections Complaint Examiner at the Wisconsin Department of Corrections Central Office. Davidson provided a 2023 declaration in support of defendants' motion for summary judgment. (ECF No. 41.) Davidson testified that she stood by her declaration that she prepared for this case. When investigating Henderson's Exhibit 5 (ECF No. 35-1 at 7), Davidson was not able to locate the DOC copy of that submission, nor a return letter associated with that complaint. Davidson believes that the inability to locate these documents suggests that the inmate complaint was never filed. Instead, Davidson believes that Henderson fabricated Exhibit 5 from another inmate complaint. Davidson located another submission, Exhibit 1019 (ECF No. 41-5 at 3), that she believes Henderson modified to create Exhibit 5. Davidson pointed out that (1) the two documents had the same information and handwriting in the signature, DOC number, and date signed; (2) the DOC date stamps of June 9, 2015, and June 16, 2015, are in the same location on each document; and (3) the DOC did not have a copy of Exhibit 5. (ECF No. 41 ¶¶ 42-47.)

3

Ray testified about her role generally as an inmate complaint examiner for the Wisconsin Secure Facility. Henderson asked Ray questions about Exhibit 1019 (ECF No. 41-5 at 3). Ray explained that she would receive these types of complaints and that inmates submit complaints written in pencil, pen, or sometimes even in crayon, depending on an inmate's restrictions. Ray stated that, based on her experience, it appeared that Exhibit 1019 was written in pencil.

Hille testified about his role as the Financial Program Supervisor at Waupun Correctional Institution from 2019 to 2023. Hille testified generally about the process for inmates to obtain copies with a legal loan. Hille referenced a document and testified that Henderson had approved legal loans from 2015 until last year. Defense counsel asked Hille about Exhibit 1022, which is a sample of Henderson's approved legal loans from 2015 until present. Hille testified that Henderson had the ability to make copies in 2022 based on his approved legal loan.[1]

Zenk, Platt, and DeGroot's testimony was collectively brief. Zenk testified about his role as Captain at Columbia Correctional Institution. Zenk acts as a liaison for security advisors to the property room. Zenk described the process he would follow if an inmate made an allegation that staff destroyed documents. Platt testified about his role as the inmate complaint examiner at Columbia. Platt testified that an inmate would not have access to the inmate complaint system to alter documents within the

---

[1] Immediately following the hearing, counsel for the defendants filed a letter asking the court to admit Exhibit 1022 into evidence. (ECF No. 95.) Counsel indicated that she intended to admit the exhibit into evidence during the hearing. (ECF No. 95.) Henderson had a copy of Exhibit 1022 and made no objection to the exhibit at the hearing. The court therefore considers Exhibit 1022 as part of the record.

system. Platt did not recall if Henderson ever asked for inmate complaint copies. DeGroot testified about his role as the inmate complaint examiner for Green Bay Correctional Institution. Henderson asked DeGroot questions about the 'print date' and corresponding address on inmate complaint documents. DeGroot agreed that the system would input the address at which an inmate was located as of the date the document was printed. DeGroot previously testified in another hearing in front of Chief Judge James Pederson in the Western District of Wisconsin about Henderson's inmate complaints. DeGroot recalled that Judge Pederson did not find Henderson's testimony to be credible.

Finally, Henderson testified about his inmate complaint regarding recreation. He testified that he submitted both Exhibit 5 and Exhibit 1019 on Jun 7, 2015. Henderson then resubmitted them both after they were returned to him. Henderson argued that the defendants have not shown he changed the content in Exhibit 1019 to create Exhibit 5. Henderson further explained that he could not have fabricated Exhibit 5 in the manner defendants claim. Henderson testified that he obtained Exhibit 5 from DeGroot at the end of 2022 and did not have access to the document before that. Defense counsel asked Henderson if he had ever been sanctioned by another court for submitting false documents. Henderson affirmatively responded that he had been sanctioned.

## ANALYSIS

The Seventh Circuit described exhaustion of the recreation claim as follows: "Henderson adduced evidence that the grievance process was unavailable to him by swearing that his complaint was returned without any reasons or instructions. If the prison's response obscured how to proceed, the process was unavailable to him." *Henderson*, 2025 WL 722116, at *2. Defendants' argument rests on their assertion that Henderson never submitted Exhibit 5 as an inmate complaint and therefore could not have exhausted his administrative remedies.

The defendants bear the burden to prove that administrative remedies were available to Henderson. *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022). The defendants have not met that burden.

Henderson testified that he submitted Exhibit 5 to the inmate complaint examiner for resolution of his recreation claim on June 7 and resubmitted it on June 15, 2015, after it was returned to him. He testified that the complaint examiner returned the complaint without reasons on June 9 and June 16, 2015. (ECF No. 35 at 3.)

In support of their position that Henderson did not exhaust his administrative remedies regarding his recreation claim, the defendants rely on Davidson's testimony. When investigating Henderson's Exhibit 5, Davidson was not able to locate the DOC copy of that submission, nor a return letter associated with that complaint. (ECF No. 41 ¶ 42.) Davidson believes that the inability to locate these documents "suggests the ICE's Office never received the submission." (ECF No. 41 ¶

6

43.) Instead, Davidson believes that Henderson fabricated Exhibit 5 from another inmate complaint--Exhibit 1019. (ECF No. 41-5 at 3.)

Henderson challenged defendants' position during his cross examination of Davidson. Davidson admitted that she had no expertise in identifying forged documents and that she has no special training in handwriting identification. In this regard, the court agrees with Henderson that it is far from clear that Henderson fabricated Exhibit 5. The court has compared the two documents, Exhibit 5 and Exhibit 1019, and sees the similarities defendants point out. However, there are also differences. (*Compare* ECF No. 35-1 at 7 *with* ECF No. 41-5 at 3). For example, the writing on the top of the two documents (offender name, DOC number, institution name, offender housing unit, and cell or room number) does not appear to be identical. Further, the court is unable to discern any signs on Exhibit 5 that it had previously been erased and written over.

Defendants did not put forth any expert testimony about how to identify a forged document or how to compare handwriting samples. Instead, defendants seem to have relied on the fact that Henderson has previously been sanctioned by other courts for submitting false documents. The court has considered the information on Henderson's prior sanctions carefully; it is certainly true that prior bad conduct can suggest untruthfulness in other instances. However, the court does not find that Henderson's prior conduct alone is conclusive in this instance. Defendants have shown evidence that Henderson *might* have fabricated Exhibit 5. This is insufficient

7

to meet defendants' burden to show that Henderson's administrative remedies were available.

As such, the court will recommend that defendants' motion for summary judgment on the grounds that Henderson failed to exhaust his administrative remedies on the recreation claim be denied.

**NOW, THEREFORE, IT IS RECOMMENDED** that defendants' motion for summary judgment based on Henderson's failure to exhaust administrative remedies as to his recreation claim (ECF No. 22) be **DENIED**.

The parties' attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), which allow the parties to file written objections to the court's recommendation within fourteen days of service of the recommendation. Failure to timely file objections with the district court shall result in a waiver of the right to appeal.

Dated at Milwaukee, Wisconsin this 13th day of November, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge