# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TITUS HENDERSON,<br><br>                Plaintiff,<br><br>v.<br><br>JASON ALDANA, BRIAN CHAPMAN, KEVIN MADDEN, DEANA GRAYCE, THOMAS WIEGAND, PAUL KEMPER, and MARY TAYLOR,<br><br>                Defendants. | Case No. 20-CV-555-JPS<br><br>**ORDER** |

Plaintiff Titus Henderson, a prisoner proceeding pro se, brought this action alleging that his civil rights were violated. This action was dismissed without prejudice on July 31, 2023, based on Plaintiff's failure to exhaust administrative remedies. ECF No. 51. On March 7, 2025, the Seventh Circuit Court of Appeals vacated the judgment with respect to the claim about recreation time and remanded the case to conduct an evidentiary hearing on the exhaustion of that claim. ECF No. 71. The Court referred the matter to Magistrate William E. Duffin for the purposes of conducting an evidentiary hearing and making a recommendation on the exhaustion issue. ECF No. 77. Judge Duffin conducted an evidentiary hearing and thereafter issued a written order recommending that Defendants' motion for summary judgment be denied on the grounds that Plaintiff failed to exhaust his administrative remedies on the recreation claim. ECF Nos. 94, 97. No party filed a timely objection to the report and recommendation. *See* Fed. R. Civ. P. 72; Gen. L.R. 72(c). Well after the objection period had passed,

Plaintiff filed a motion for reconsideration upon remanded exhaustion issue. ECF No. 98.

Federal Rule of Civil Procedure 72(b)(1) allows a district court to refer a case to a magistrate judge, who then "conduct[s] the required proceedings," and "enter[s] a recommended disposition." Fed. R. Civ. P. 72(b)(1). A dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made"). A party must specify "each issue for which review is sought," but need not specify "the factual or legal basis of the objection." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). The district court is required to conduct a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *Id.* at 739. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Id.* (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Wees v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Court has considered the recommendation and, in light of its agreement with Magistrate Judge Duffin's analysis and without objection from either party, will adopt it. Judge Duffin's recommendation acknowledges that Defendants had the burden to prove that administrative remedies were available to Plaintiff. ECF No. 97 at 6 (citing *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022). Based on the evidence presented at the

evidentiary hearing, the recommendation found that Defendants had not met that burden. *Id.* After evaluating Judge Duffin's analysis, the Court is certainly not "left with the definite and firm conviction that a mistake has been made." *See Weeks,* 126 F.3d at 943. As such, the Court is obliged to adopt the recommendation to deny Defendants' motion for summary judgment as to the recreation claim. This case will therefore proceed on the merits with respect to the recreation claim.

Next, the Court considers Plaintiff's motion for reconsideration upon remanded exhaustion issue. ECF No. 98. The Court will deny Plaintiff's motion because the relief he seeks is unclear. Federal Rule of Civil Procedure 7 requires that motions state with particularity the grounds for relief and state the relief sought. The Court construes all pro se filings liberally; in this case, however, it is unable to determine the relief Plaintiff seeks. Plaintiff argues that "new law changes the dynamics of a remand order…." ECF No. 98 at 1. He further argues that summary judgment cannot be granted when the issue of the failure to exhaust administrative remedies is in dispute. *Id.* at 2. As discussed above, however, the Court adopts Judge Duffin's recommendation finding in favor of Plaintiff and he will be allowed to proceed on the merits of the recreation claim. As such, the relief Plaintiff seeks in his motion for reconsideration is unclear and the Court will deny it without prejudice on that basis.

Finally, the Court addresses Plaintiff's pending motions that were filed while his appeal was pending. Plaintiff sought reconsideration of the Court's dismissal order, sanctions, default judgment, and relief from the judgment. ECF Nos. 65, 68. As discussed above, the Seventh Circuit vacated the judgment with respect to Plaintiff's recreation claim and this order will allow that claim to proceed on the merits. Given the length of time that has

passed since the filing of the motions, the Seventh Circuit's intervening decision, and the factual development of Defendants' alleged sanctionable conduct, the Court finds it prudent to deny the pending motions without prejudice. To the extent that issues remain, either party may raise these issues in updated motions that address the facts and procedural history of the case as it stands today. In the meantime, the Court will issue a scheduling order in due course for the case to proceed on the merits as to Plaintiff's recreation claim.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Duffin's report and recommendation, ECF No. 97, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration and motion for relief from judgment, ECF Nos. 65, 68, be and the same are hereby **DENIED without prejudice;** and

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration upon remanded exhaustion issue, ECF No. 98, be and the same is hereby **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin, this 6th day of March, 2026.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge